VALENTINE LUDOWISKI, Respondent, v. POLISH ROMAN CATHOLIC ST. STANISLAUS KOSTKA BENEVOLENT SOCIETY, Appellant.

St. Louis Court of Appeals, February 14, 1888.

1. CORPORATION—ADMISSION OF CORPORATE CHARACTER.—A defendant that, upon being sued as a corporation, answers as such, admits its corporate character, and the plaintiff need not prove it.

2. BENEVOLENT ASSOCIATION—DAMAGES FOR EXPULSION.—A member of an incorporated benevolent association having mutual benefit features, who, without any notice or trial, is expelled or suspended, or denied the privileges of membership by the association, through its officers, has a cause of action in damages therefor against the corporation.

3. PRACTICE—INSTRUCTION WITHOUT EVIDENCE.—An instruction, founded upon a hypothesis touching which there is no evidence, is properly refused.

4. ——— APPELLATE—NOMINAL DAMAGES—COSTS.—In a case where there was no evidence tending to show the amount of damages sustained by the plaintiff, but where it is evident that he has been made a victim of wrong and outrage, an appellate court will not compel a reduction to nominal damages, if the effect would be to throw the costs of the appeal upon the plaintiff.

APPEAL from the St. Louis Circuit Court, HON. SHEPARD BARCLAY, Judge.

*Affirmed.*

EDMOND A. B. GARESCHÉ, for the appellant: The court erred in refusing instruction "B" asked for by

defendant, and in giving instruction number one, of its own motion. *Hassett v. Rust*, 64 Mo. 325; *Glass v. Galvin*, 80 Mo. 297; *Evans v. Railroad*, 16 Mo. App. 525. There was nothing to connect the society with the act of the president. Therefore, if there can be any action at all upon this account, our statute in express terms fixes the liability upon the officer individually. Rev. Stat., sec. 721.

FRANCIS GARVEY, for the respondent: A corporation is an artificial person, and can only act and speak through its agents and servants. Wood's Field on Corporations (2 Ed.) sec. 283, and note 4; *Haleck v. Railroad*, 57 Mo. 17. The defendant seems to rely on the Revised Statutes of 1879, section 721, which refers to stockholders, and could have no application whatever to this case.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace for the purpose of recovering damages from the defendant, alleged to be a corporation, for expelling the plaintiff from the society without the preferring of charges, without notice, and without a hearing; and for refusing to allow him to exercise his rights and privileges as a member of the same. The defendant filed a written answer which was a general denial.

I. By appearing and answering in its corporate character, the allegation of the plaintiff that the defendant was a corporation was admitted. *Seaton v. Railroad*, 55 Mo. 416; *Witthouse v. Railroad*, 64 Mo. 523; *Sappington v. Railroad*, 14 Mo. App. 86; see, also, *Barbaro v. Occidental Grove*, 4 Mo. App. 429. This will dispose of the argument that the corporate character of the defendant was not proved.

II. The objection, that the statement filed before the justice is insufficient, need not be discussed. It sets out explicitly the injury for which the plaintiff sues,

and that is enough, especially where the action is brought before a justice of the peace.

III.   At the trial in the circuit court, the plaintiff gave evidence tending to show that, at a meeting of the society, the names of the members were called out for the purpose of having them come forward to pay their dues, and his name was omitted ; that, on demanding an explanation why this was done, he could get no satisfaction from the president of the society other than that he had been suspended for talking against the priest.   He tendered his weekly dues to the president, who refused the same, not because he was not the proper officer to receive them, but on the ground that the plaintiff had been suspended and was not entitled to pay them.   The plaintiff's evidence also tended to show that thereafter he was denied his privileges of membership in the society and denied an opportunity of inspecting its books.   The defendant's evidence conceded that the plaintiff was thus suspended from the society, and an attempt was made to justify it by the terms of the by-laws.   The by-laws, which were put in evidence, confer no authority on the officers of the society thus to suspend a member without notice and without trial ; nor would such a by-law, if it existed, be of any validity.   The evidence shows that this was a mutual benefit society, having what is called a "sick benefit," which we understand to be an allowance to members when they are sick.   The plaintiff, therefore, had property rights in the society, and the society had no jurisdiction to deprive him of those rights by the arbitrary action which took place.   *Mulroy v. Supreme Lodge*, 28 Mo. App. 463.   The by-laws put in evidence recite certain grounds of expulsion, and then further recite :   "In all these cases, the president makes a motion in a quarterly meeting, that, for the good of the society, such member may be expelled ; and if the majority of votes consents to it, the member is expelled."   It does not appear that any such motion was ever made at a quarterly meeting, or that any such

vote was ever taken. But it does appear that, after thus arbitrarily dropping the plaintiff's name as a member and refusing to allow him to pay his dues, he was, after the commencement of this suit, expelled from the society (in what way was not shown) for the alleged non-payment of his dues. He was thus knocked down and then kicked for falling. It is almost needless to say that this evidence shows that the plaintiff had a cause of action against the corporation for damages.

IV. Complaint is made that the court refused an instruction offered by the defendant, and submitted the case to the jury upon the following instruction, drawn with the view of covering the whole case:

"If the jury believe, from the evidence, that, before the beginning of this action (which was begun June 5, 1886), the plaintiff was deprived of any of the privileges of membership in the defendant society, by the action of the president of the society on behalf of said defendant society, then your verdict should be for plaintiff ; but if you find from the evidence that plaintiff, before this action was brought, was not deprived of any of the benefits or privileges of membership in the said society by the action of any of its officers, then your verdict should be for the defendant."

We think that, in the state of the evidence, this instruction covered the whole case, except the question of damages, and was, therefore, not erroneous. The instruction refused need not, therefore, be considered, further than to say that it was predicated upon the hypothesis that the plaintiff had been expelled for a violation of provisions of the constitution or by-laws, of which there was no evidence. The whole testimony shows that the action of the society in expelling the plaintiff was illegal, because had without notice, the preferring of charges, or an opportunity to be heard. The defendant's evidence attempted to show that he had not been denied any privilege, had not been refused an inspection of the books, and that his sick benefit had not

been cut off.   It seems that all there was to be determined was whether or not he had been denied any of the rights and privileges of a member of the society ; since if this had been done, it plainly was illegally done, and no attempt has been made to justify the grounds on which the president assumed to "throw him out," as the testimony expresses it.

V.   The jury awarded the plaintiff one hundred dollars damages.   The court required the *remittitur* of all except five dollars, which was done, and judgment was rendered for that amount.   There was no explicit evidence tending to show the amount of damages sustained by the plaintiff.   The evidence showed that, down to the time when the plaintiff was thus suspended from the society, he had paid his dues and was entitled to what is called a "sick benefit."   There was no evidence from which any satisfactory conclusion could be reached as to the value of a deprivation of the social or other privileges of the society.   The action was so arbitrary and illegal that it might have been a fair question for the jury whether the plaintiff was not entitled to exemplary damages ; but the case was not submitted to the jury on this ground.   We have some difficulty in saying that there was evidence which would sustain a verdict for more than nominal damages.   But to require a further *remittitur* would have the effect of throwing the costs of the appeal upon the plaintiff, in a case where it plainly appears that he has been the victim of wrong and outrage.   We think that, under all the circumstances of the case, five dollars can scarcely be regarded as less than the measure of the injury which the plaintiff has suffered.

The judgment will be affirmed.   Judge Rombauer concurs.   Judge Lewis not sitting.