83    387<br>J88    86

THOMAS STORER *vs.* WINFIELD H. TABER.

Waldo.    Opinion April 10, 1891.

*Contract.    Warranty.    Alteration.    Estoppel.    Evidence.*

Parties, who have bound themselves in an executory contract of sale of personal property without warranty, are not precluded thereby from superseding such contract afterwards by an executed sale of the same property with warranty, and other change from the terms of the first contract.

In an action on the warranty of such property the vendee is not estopped, to show that it was worthless, by his admission in the first written agreement that it was worth one hundred and twenty-five dollars. The admission would be evidence but not conclusive evidence of the value.

ON MOTION AND EXCEPTIONS.

The case appears in the opinion.

*W. H. McLellan*, for plaintiff.

*Thompson and Dunton*, for defendant.

PETERS, C. J.    This is an action on the alleged warranty of the soundness of a Spanish Jack sold by defendant to the plaintiff, the animal proving to be utterly worthless for the use for which he was purchased.    At first the plaintiff bought one half interest in the Jack under the following agreement between the parties :

"Belfast, Maine, August 26, 1885.

"Know all men by these presents that we, Thomas Storer and Winfield H. Taber, enter into the following agreement, as follows :

That I, Winfield H. Taber, of Cambridge, Mass., sell to the said Storer one half interest in a Spanish Jackass for the sum of one hundred and twenty-five dollars paid this 26th day of August, 1885. That I, the said Thomas Storer of Morrill, Maine, feel disposed to pay the said Taber on or before January 1, 1886, the sum of one hundred and seventy-five dollars, he the said Storer is to have the one half interest now owned by the said Taber. He, the said Storer, has the privilege of paying at the time stated the sum stated above, or keeping the property and allowing the said Taber one half the income for services of mares, for one year from January 1, 1886, and at the expiration of said year said Storer, is to have the same for one hundred and twenty-five dollars. Said Taber is to pay the sum of twenty-five dollars for the keeping of one year, the year of 1886.

W. H. TABER,<br>THOS. STORER."

It was correctly ruled, at the trial, that the written agreement did not contain a warranty of soundness, and that none could be affixed to it by parol; thus disposing of the first count in the declaration favorably for the defendant.

The plaintiff further contended, according to the second count in his declaration, that, in January, 1886, he purchased of the defendant the second half interest in the Jack by verbal sale with warranty. The defense contends that, as the written agreement gives the option of a purchase in January, 1886, the sale at that date must be considered as made in pursuance of such agreement, and that the plaintiff is estopped to deny that it was so made.

Whilst the proposition of the defense would be a strong argument to the jury against the likelihood that the parties entered into a new, at variance with the old contract, still, as a matter of law it is untenable. They could, as they pleased, make a new contract differing from the original. Parties may by contract amend, waive or reconstruct a previous contract, though the first be in writing and the last by parol. Parties may contract about a contract as well as concerning anything else. *Adams* v. *Macfarlane*, 65 Maine, 143.

On the question of damages the counsel for defendant takes quite a specious, though, we think, not a tenable position. He interprets the contract as declaring that plaintiff should take the second half interest in the Jack in January, 1887, if not purchased before that time, for the sum of one hundred and twenty-five dollars. The argument is that the general rule of damages, the difference between actual value and represented value, does not apply; that the rule should be the difference between one hundred and twenty-five dollars and the represented or warranted value, and that the plaintiff is estopped to call the actual value of half the Jack to be less than that sum. This proposition loses sight of the idea that the old contract has been superseded, not in one provision only, but in all its provisions. It has losts its life.

We are a good deal inclined to believe that a different verdict should have been rendered on the facts, but hardly feel willing to set the verdict aside.

*Motion and exceptions overruled.*

WALTON, VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.