PAUL LAVALLE *vs.* THE SOCIÉTÉ SAINT JEAN BAPTISTE DE WOONSOCKET.

A mutual benefit society illegally and without trial expelled a member.
*Held,* that the expelled member could not maintain trespass on the case to recover damages for the illegal expulsion.
*Held,* further, that his remedy was *mandamus* to compel a restoration to membership.

Tort may be waived and *assumpsit* for damages maintained only when the tort can be treated as having created a contract on which, the tort being left out of question, a recovery can be had by the party aggrieved. In the case of an illegal expulsion from a mutual benefit society, if the illegality is waived, there is no right of action left.

EXCEPTIONS to the Court of Common Pleas.

This action was trespass on the case brought in the Court of Common Pleas to recover damages for the illegal expulsion of the plaintiff by and from the defendant society.

The declaration is as follows : —

" Paul Lavalle, of Woonsocket, in the County of Providence and State of Rhode Island, complains of the Société Saint Jean Baptiste de Woonsocket, R. I., a corporation duly created and existing by and under the laws of the State of Rhode Island, summoned by the sheriff in an action of trespass on the case, for that the said defendant was originally created a corporation by an act of the General Assembly of the State of Rhode Island on, to wit, May 27, A. D. 1869, by and under the corporate name of St. John Baptist Society of Woonsocket, for the purposes of securing to the members thereof mutual aid, and of promoting benevolent objects ; and said corporation was thereby authorized to take, hold, and enjoy property not exceeding ten thousand dollars, and to do all things usual and proper to be done by mutual aid and benevolent societies of like character ; that said corporation was duly organized under said act of incorporation, and that thereafterwards, by an act of the General Assembly on, to wit, January 28, 1885, the name of said corporation was changed to " Société Saint Jean Baptiste de Woonsocket, R. I.," and the said corporation was further empowered by said last-named act to take, hold, transmit, and convey real and personal estate to an amount not exceeding twenty-five thousand dollars ; that said defendant corporation, in pursuance of the objects of its incorporation as aforesaid, has provided through its by-laws, which were in force at, and for many years prior to, the time of the committing the grievance hereinafter stated, means for the social and fraternal union, and for the intellectual and social improvement, of its members, and for the raising by assessments upon its members a relief fund, to be used for the benefit of its sick members in good standing therein, and to be paid to them in a stated sum per week during sickness, and also a

fund for the benefit of, and to be paid to, the heirs or devisees of any deceased member who was in good standing therein at the time of his death; that, at the time of the committing the grievance hereinafter mentioned, said corporation was the owner and possessor of property contributed by its members, and otherwise acquired; that the plaintiff was duly admitted to membership in said corporation on or about the        day of        A. D. 1870, and thereby became entitled to all the rights and privileges of a member of the same, and the plaintiff continued to be, and was at the time of the committing of the grievance hereinafter mentioned, a member of said corporation, and in good standing therein, and had, during the whole of said period of membership, performed all his duties and obligations as a faithful member of said corporation; and that, during said period of membership, and in accordance and in compliance with the by-laws of said corporation, he paid into its treasury all his dues and assessments as required by the by-laws of said corporation, amounting in all, to wit, to the sum of one hundred and fifty-three dollars.

"Yet the said defendant, well knowing the premises, but contriving and wrongfully and unjustly intending to injure, prejudice, and aggrieve the said plaintiff in respect of his rights and interests as a member of said defendant corporation, and in the property thereof, and in respect of his good name and reputation in the community, and among his neighbors and friends therein, on, to wit, the eighteenth day of March, A. D. 1890, at Woonsocket aforesaid, by a vote thereof of the requisite majority, at a regular meeting of said corporation held at said Woonsocket on said last-named day, a quorum being present, and in the absence of the plaintiff, unlawfully, unjustly, and wrongfully expelled the plaintiff from membership in said defendant corporation, and caused his name to be stricken from the list of members thereof, without lawful cause, and without notice to the plaintiff of any charge or charges against him, and without notice to him of any trial or contemplated trial, or examination of any charge or charges against him, and without affording to the plaintiff any opportunity whatever to be heard in his own defence against any charge or charges against him, or in opposition to his said expulsion from membership in said corporation as aforesaid; and the plaintiff avers that

at the time of his said unlawful and wrongful expulsion from membership in said corporation as aforesaid, he had no notice nor knowledge thereof, and had no notice nor knowledge of any charge or charges against him, nor of any trial of any charge or charges against him; that the defendant corporation did not give nor cause to be given to him any opportunity to be heard in his defence and in opposition to his said expulsion from membership therein as aforesaid, whereby the plaintiff has been wholly deprived and has wholly lost the rights, privileges, and benefits theretofore rightfully belonging to him as a member of said corporation in good standing therein as aforesaid, and which otherwise, and but for said unlawful and wrongful expulsion, would have accrued to him, the said plaintiff, by reason of his said membership, and of his right and interest in the property of said corporation as a member thereof, and has also thereby been greatly injured and damaged in his good name, and reputation in the community, and among his friends therein and has thereby suffered great public disgrace, and endured great mental distress, to the plaintiff's damage two thousand dollars, as laid in his writ, dated the fourteenth day of April, A. D. 1890.

" Wherefore he sues by his attorneys."

To this declaration the defendant demurred. The demurrer was sustained by the Court of Common Pleas, and the plaintiff excepted.

*April* 23, 1892. STINESS, J. The plaintiff seeks in this action to recover damages for an illegal expulsion from membership in the defendant corporation. The declaration sets out that the corporation is a benevolent organization, of the kind now generally known as a mutual benefit society, having a relief fund for the benefit of its sick members; that the plaintiff was a member in good standing, and had performed all his duties and obligations as such member; yet the defendant, at a regular meeting, in the absence of the plaintiff, without lawful cause, without notice of any charges against him, without any trial or examination of any charges, and without affording him an opportunity to be heard, expelled the plaintiff from membership; whereby he lost his privileges as a member, and his right and interest in and to the property of the corporation, and was also greatly injured in reputation. To this declaration the defendant demurred in the Court of Common

Pleas, where the demurrer was sustained, and the case comes before us on exception to the ruling of the court below in sustaining the demurrer. It is obvious, if the defendant is liable to suit at all on such a cause of action, that the declaration sets out the cause of action with sufficient fulness. The elements of an illegal and high-handed violation of the plaintiff's rights are fully stated. Indeed, the defendant takes the ground that the declaration sets forth an act so clearly illegal that it is void *ab initio*, and so there has been no expulsion, and consequently there has been no damage and no right of action. No society should be admitted to shield itself in such a way. If the position is taken in good faith, a proper acknowledgment of the error will be evidenced by a restoration of the injured member to the privileges of the society; otherwise, continuing to hold out a member, who has been wrongfully expelled, is as bad as the original wrong itself. It amounts to saying to the member: "We have illegally expelled you; but so long as you do nothing about it we will let the expulsion stand and keep you out; but if you call us to account for it, we will say we have not done it at all, because we did not do it right." Such a defence cannot commend itself to a court of justice. Cases which lay down such a doctrine cannot be followed by this court. The demurrer cannot be sustained on this ground. As the case stands upon the demurrer, a corporation for benevolent purposes has expelled a member without a trial, who thereupon sues for damages for the illegal expulsion, and the issue raised is, can such an action be maintained? There is no question that a member who has been illegally expelled has the right to apply to the court to be restored to membership by a writ of *mandamus*. There is also no question that, while a corporation like this is not one which gives a member an indefeasible interest or property right, like shares of stock, still the benefits are a sort of money interest, in regard to which the member is entitled to protection. If he is lawfully expelled, he loses these benefits altogether. If he is not lawfully expelled, he is entitled to be restored to them; but is he also entitled to maintain an action for damages for the pretended expulsion? It is manifest that the most exact and complete remedy is by restoration, for in this way one is not only vindicated in his character and standing, but also reëstablished in the

very rights which belong to him, without being obliged to take something else as a substitute for them. And evidently he cannot have both remedies at the same time; for restoration implies a correction of the error, and damages imply compensation for it. They are incompatible. They cannot stand together. Thus in *State ex relat. Koppstein* v. *Lipa*, 28 Ohio St. 665, it was held that bringing an action for damages was a waiver of the right to a *mandamus* for restoration to membership. It is now well settled in cases of this kind, involving as they do a sort of right in property, that *mandamus* will lie; and we have only to consider whether an action may lie in lieu of *mandamus*. Decisions of this question have not been numerous, owing to the fact that the multiplication of these societies is of recent date, and the decisions that have been given are diverse. We have been referred to one case only, and we have found no other, which squarely sustains the right of action, *Ludowiski* v. *Benevolent Society*, 29 Mo. App. 337. It is to be regretted that the court in that case simply declares that the right of action exists, without stating the grounds upon which it rests. In other cases there are *dicta* that an action may be maintained for illegal expulsion, but these, too, lack a discussion of the right of action. It is assumed to be in compensation for an injury caused by a violation of right. *Washington Beneficial Society* v. *Bacher*, 20 Pa. St. 425; *People ex relat. Dilcher* v. *German United Evang. Church*, 53 N. Y. 103. *State ex relat. Koppstein* v. *Lipa*, *supra*, was a petition for *mandamus*, which was refused on account of a pending action in error, on which a judgment had been recovered. On the other hand is the recent case of *Peyre* v. *Mut. Relief Society of French Zouaves*, 27 Pacific Reporter, 191, which denied the right of action upon the ground that it would punish those who voted against the expulsion as well as the majority who voted in favor of it. The question cannot yet be regarded as settled upon authority. Upon principle we do not think the action should be sustained. It assumes an illegal expulsion, for which, the wrong being waived, compensation is demanded. If the illegality is waived and the expulsion acquiesced in by the member, we see no reason why it should not be taken for what it implies. The waiving of illegality implies and recognizes a legal expulsion. There is no escape from this. But if the member has

been legally expelled, there is no ground of action. The waiver of illegality, therefore, is a waiver of the entire cause of action; for if the action be not illegal, and in violation of the plaintiff's rights, there is nothing to complain of. There are cases in which a tort can be waived and action of *assumpsit* for damages sustained, but those cases are radically different from the case at bar. They rest upon the principle that an act done, which is in itself a tort, may be treated by the injured party as having created a contract upon which he may recover; this remedy being of a milder character, and so no disadvantage to the defendant. But no case can be found where a plaintiff is allowed to waive a tort for the purpose of putting the defendant in a worse position than he would be in for the tort itself. Much less should one be allowed to waive a tort for the purpose of maintaining an action which, without the tort, would have no foundation. For example, suppose one wrongfully takes the goods of another; he may be sued in trover, or, the tort being waived, and the taking considered as lawful and so carrying the title, a promise to pay may be implied. Here, outside of the tort, there is something upon which the implication of a contract may act; namely, the payment for the plaintiff's goods which the defendant has in possession. But in the case at bar there is no chance for the implication of a contract. There is no right to the fund except in a member; and a member may be lawfully expelled, and thereby lose that right altogether. In the ordinary case of waiving a tort, one simply foregoes an advantage which he might press by reason of the wrongful act; but in the matter of expulsion, if he foregoes the wrong he foregoes everything. Suppose, in an action for assault and battery, one could waive the tort, what would be left to sue for? Yet such a case would be analogous to the case at bar. The reasonable view is that, if one waives the illegality of an act and acquiesces in it as a legal and accomplished fact, he must take it with its consequences; and the consequences of an expulsion, with the element of illegality dropped out of it, would be a valid deprivation of membership, for which no action could lie. See Cooley on Torts, 2d ed. 107–111.

There is another reason why an action like this should not be maintained. Ordinarily these societies have no fund except that

which is contributed for the benefit of the members, according to the regulations agreed upon. Each society is a sort of trustee of such a fund, and has no right to apply it to any other purposes. If one can take it on a judgment for damages, he diverts it from the benevolent objects for which it was contributed, and that, too, possibly, to the injury of the members who have not been in fault. Irrespective of the question of jurisdiction over such a fund as a trust fund or a charity, a court ought not to make such a diversion possible if it can be reasonably avoided. If resort cannot be had to such a fund, a judgment against a corporation which accumulates only such a fund, and acquires no other property of account, would be a barren remedy to offer.

The more difficult question of the measure of damages shows the impropriety of allowing the action. In *Ludowiski* v. *Benevolent Society, supra,* only nominal damages were given.

To establish a right of action, for the mere purpose of allowing one to recover nominal damages, is a course not to be commended. But what rule can be laid down by which to gauge a larger measure of damages? The members of these benefit societies have no severable interest in the fund. They can receive no benefit from it except as members who continue to pay their assessments, and then only in case of sickness. How can it be determined whether any member would continue to pay dues in the future; whether he would be sick, during his membership, so as to derive benefit from the fund; whether the amount which he would be required to pay in may not exceed the amount he might receive as a benefit, and thus prove to be no loss at all? All of these questions enter into the determination of the amount of damage sustained by expulsion. They are incapable of proof. They are matters of pure speculation and guess, and too uncertain to form the basis of a judgment. If a member wrongfully expelled desires to enforce his rights, exact justice can be done by reinstating him. Great injustice may be done by an award of damages based upon a conjecture or possible prejudice.

But the plaintiff urges that, if the action cannot be maintained for the loss of membership rights, yet he may recover for the exclusion from the right to enjoy the use of the common property and the privileges of membership. While such a recovery would not

be objectionable for inconsistency, and would be less objectionable for uncertainty in the elements of damage, we nevertheless think that an action is not maintainable on this ground. The plaintiff had the right to an immediate restoration to participation in the affairs of the society. What he has suffered by exclusion therefrom is due to his own neglect to seek his remedy. Upon no principle of justice can he allow the exclusion to run on for the purpose of accumulating damages. There might be a brief interval of exclusion between the vote of the society and the enforcement of the remedy, but that would be too small a matter for a court to allow as a ground of action. Mistakes and irregularities are liable to occur in all sorts of societies, and the remedy which a court can give cannot always be absolutely adequate. Courts must deal with these matters sensibly; and to recognize every error which may to some extent infringe the rights of a member, as a cause of action, when that error can be speedily corrected, would be a manifest stretch of the administration of the law. The grievance may be regarded as an incident to membership in a society, and, at any rate, of too trivial a character to require compensation in damages when the substantial remedy of restoration is at hand. In our opinion the plaintiff is not entitled to maintain this action, and the demurrer to the declaration is sustained.

*Exceptions overruled.*

*Livingston Scott & Thomas Z. Lee*, for plaintiff.
*Edwin Aldrich*, for defendant.