January 11, 1904.

———o———

No. 3346.

(Court of Appeal, Parish of Orleans.)

GEO. UNTEREINER. Appellee vs. W. D. ALVERSON et al, Appellants.

1. One not a party to a promissory note, who endorses the same

88

becomes a surety thereof and bound in solido with the maker, 24 A, 467, R. C. C. 2091-4-5.

2. So a judgment against the surety alone for the full amount of the note which has been duly protested 'for non payment after demand made at the surety's establishment where the note was made payable, shows no error.

3. Where the record discloses no grounds for the appeal, the 10 per cent damages prayed for in the answer to the appeal wil, be awarded to the Appellee for a frivolous suspensive appeal! 22 A. 256.

Appeal from Civil District Court, Division E.

V. J. Stentz, for Plaintiff and Appellee.

R. J. Maloney, for Defendant and Appellant.

BEAUREGARD, J. Considering that one not a party to a promissory note, who endorses the same, becomes a surety thereof bound in solido with the maker. 24 A. 467.

Suit may, at the discretion of the Creditor, be instituted by him against any of the parties so bound: R. C. C. 2091, 2094, 2095— and was in this case brought against the maker of, and surety on, the promissory note sued on, for the amount thereof viz: $200, which note was dated January 19, 1902 and payable 60 days after date at Nos. 1112 and 1114 Dryades street, New Orleans and resulted in a judgment against the surety alone.

That the failure to pay the same when it fell due on March 21, 1903 was followed by a call for payment, at the place therein designated, from the surety and then and there protested by the notary on information by him received that "no funds had been left in said establishment to meet the payment of said note."

There exists from careful examination of the record, no good reasons to modify, revise or reverse the judgment of the Court a qua and which was rendered in favor of plaintiff against the surety alone P. J. McMahon to the full amount of the note with 5 per cent interest thereon from the 21st. of March, 1902, till paid, with costs of suit and $3.00 cost of protest.

Plaintiff and Appellee in his answer to the appeal has prayed for 10 per cent damages for the alleged frivolous appeal herein taken.

"Appellant has filed no brief in this case (although time to do so was granted at the argument or at the submission of this case) "nor has he called our attention to any error in the judgment, and we have been unable to see any." 22 A. 256.

The appeal herein taken was suspensive. And this Court is impressed with the conviction that it was taken for delay and that the 10 per cent damages prayed for should be allowed.

It is therefore ordered and decreed that the judgment appealed

from is affirmed with 10 per cent damages due for the frivolous appeal herein taken,

Judgment affirmed.