CHARLES W. WARD ET AL. *v.* DAVID AND JONATHAN LODGE,
NUMBER 1,976, GRAND UNITED ORDER OF ODD FELLOWS
IN AMERICA.

[43 South., 302.]

1. BENEFIT SOCIETIES. *Membership.  Recourse  to  courts.  Remedies
within order.*

Where the laws of a benefit society provide appeals for the cor-
rection of erroneous decisions touching the rights of its mem-
bers, an application by a member to the courts for relief will
not be entertained until he has exhausted his remedies within
the society.

2. SAME. *New laws.  Validity.*

A duly enacted law of a benefit society creating a compulsory
insurance department, requiring the payment of a dollar per
month by its members, except the aged and disabled, and barring
those who fail to pay from meeting with a lodge is reasonable
and valid, and, the by-laws authorizing it, may be applied as
well to existing as to new members.

FROM the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

Ward and others, the appellants, were plaintiffs in the court
below; the David, etc., Lodge, the appellee, was defendant there.

From a judgment in defendant's favor, the plaintiffs appeal to the supreme court.

The suit was for a mandamus and the plaintiffs charged that they were members of the defendant lodge, having paid dues, assessments, etc., and had been denied admission to, and the rights and privileges of membership in, the lodge because they had failed to take out the lodge insurance policy issued by a department of the defendant order. The defendant filed a special plea setting up the enactment of a law, by a two-thirds vote of the order, creating a compulsory insurance department, and that the petitioners had failed to take out insurance as required by this law; that they had received due notice of the requirement, and had been given opportunity to comply with its mandates, that the law applied to all members of the order at the time it was passed, as well as to future members; and, further, that petitioners had not availed themselves of their right to appeal to the designated authorities of the order.

The plaintiffs demurred to this plea, but their demurrer was overruled; they declined to plead further and judgment final went for defendant.

*McFarland & McFarland,* for appellants.

The only question presented by this case is whether the by-law in regard to compulsory insurance passed by the Grand Lodge in Mississippi was reasonable and not void as to appellants. If it is void their expulsion under said by-law was void and they were under no duty to appeal therefrom to a higher tribunal with the society. 24 Fed., 450; 28 Mo. App., 463; 50 Mo. App., 45; 41 Mo. App., 359; 129 Ill., 298; 108 Iowa, 430; 55 L. R. A., 185; 49 L. R. A., 353 and notes; 3 L. R. A. (N. S.), 496.

Again these parties were excluded from the lodge without notice and without trial. There being no trial they had nothing to appeal from. See Laws G. U. O. F., 97, 98, 99; Bacon Ben. Soc. (ed. 1888), sec. 101 and cases; 62 Am. St.

Rep., 709; 53 N. W. 239; Niblack Mut. Ben. Soc., sec. 65; 7 Am. St. Rep., 167; 18 Am. St. Rep., 301; 59 Am. St. Rep., 201.

Mandamus is the proper remedy for reinstatement in a lodge where relators are wrongfully excluded and the petition need not state in so many words that relators have no other adequate remedy. The sole desire of petitioners is to be reinstated in the lodge and they do not seek damages.

Mandamus is the sole remedy. 8 L. R. A., 195; 59 Am. St. Rep., 201. The provisions of General Law 112 under which the Grand Lodge of Mississippi passed its order in regard to compulsory insurance was prospective in operation and only meant to apply to future initiated members.

All laws passed by benevolent societies will be held to apply prospectively and not retrospectively unless the language used positively prevents this interpretation. 42 S. E., 236; 29 Am. St. Rep., 603; 68 Am. St. Rep., 306; 89 Am. St. Rep., 193; 1 L. R. A. (N. S.), 1064.

*George C. Paine,* for appellee.

Before appellants will be permitted to resort to the courts of the state to redress any supposed grievance they may have against the order to which they belong, they must first apply to the order and follow the mode indicated in the constitution and the laws of the order; they must allege and prove that they have done this and found that remedy and mode unavailing. *Robinson* v. *Templar Lodge,* 59 Am. St. Rep., 193.

But say counsel for appellants that the appellants were excluded without notice and hence had nothing to appeal from, to this I answer that the laws of the order, to-wit, law 67, p. 62, Exhibit A, states that any member who is non-financial, which interpreted, means in arrears for dues, cannot meet with his lodge, and sec. 9, p. 22, Exhibit B, requires a payment of $1 per month as an assessment for the insurance law.

Now the petition alleges that the appellants were refused ad-

mittance to the lodge room because they have not paid this assessment.

Then we have an assessment, a refusal to pay and a resultant refusal to admit to the lodge room.

What then, may I ask, prevented appellants from appealing this refusal to the constituted authorities?

Certainly appellants who allege that they had been members of long standing, knew their rights, knew that they could have embodied all their grievances in a bill of exceptions, and then had a trial and decision from their appellate officers.

But counsel press the point and say that the appellants had no notice, etc.

To this I answer, the pleas and the exhibits assert and show that these appellants were repeatedly notified and urged to pay up.

This insurance law or department was as alleged in the pleas submitted to the various district grand lodges, including appellees, and by them after the mode and manner prescribed voted upon by appellants, and was after the election declared by the constituted authorities to be a law of appellees' lodge. This law was duly and legally enacted, that is in conformity to the law of the order, and was in keeping with the intent and spirit of the order and it cannot under these circumstances be asserted successfully to impair the vested rights of the appellants. The case of *Woodmen* v. *Woodruff,* 80 Miss., 546, s.c., 32 South., 4, is conclusive against this contention of appellants.

I submit appellants have not brought the proper or appropriate remedy for the correction of their grievance.

Mandamus is not the proper remedy. Mandamus is not a revisory remedy, it is not a remedy adapted to the correction of mere errors of judgment or proceeding.

CALHOON, J., delivered the opinion of the court.

By consent the court below had, and we have, the general laws of the order and the by-laws of the district organization to

consider in determining the demurrer of appellant to the plea of appellee to the petition of appellant for mandamus.

The association was "for the purpose of maintaining, managing, and controlling a benevolent and friendly society." It originally had numerous laws adopted by it, the first one of which avowed the object to be "for raising a fund for the relief of the members when sick, lame, or disabled, and for insuring a sum of money to assist in defraying the expenses of burial (to be paid to the widow, legal executors, administrators, or assigns of a member deceased), or to assist in defraying the expenses of the burial of the wife or child of a member." By law No. 8 of the order it is provided that new laws may be adopted by a two-thirds vote. By this two-thirds vote a law was enacted by the order creating a compulsory insurance department, requiring payment of $1 per month by all members. Accordingly this was applied to all members, except those over seventy years old or who became blind or paralyzed while members, etc. This, we think, applied to the then members and to future members. It was further provided that those who failed to pay should no longer meet with the lodge. The appellants refused to pay, though repeatedly notified to do so, and so were refused admittance; and hence their application for a writ of mandamus.

Appeals are amply provided for within the order, but appellants took no appeal there before applying to the courts, and therefore, as we think, have no standing in court. We also think the law of the order, enacted by a two-thirds vote, became a valid law of the order, and was not unreasonable or void.

*Affirmed.*