Independent Order of Sons and Daughters of Jacob of America *v.* Aaron W. Wilkes.

[53 South. 493.]

1. Benevolent Society. *Fraternal insurance. Expulsion from order. Action. Damages.*

A member of a fraternal insurance order, wrongfully expelled therefrom and thereby wrongfully deprived of his contract right to insurance, may sue the order for damages resulting from his expulsion, without having prosecuted his remedy by appeal within the order.

2. Instruction. *Conflict. When immaterial.*

Where an instruction for the successful party was correct, the defeated party cannot complain of a conflict between it and a too favorable instruction given at his request.

3. Same. *Measure of damages. Failure to give.*

Where the amount of a verdict is within the sum that could properly have been awarded, a defendant who failed to ask an instruction on the measure of damages cannot complain because the jury were uninstructed on that subject.

From the circuit court of Attala county.

Hon. George A. McLean, Judge.

Wilkes, appellee, was plaintiff in the court below; the Independent order of Sons and Daughters of Jacob, appellant, was defendant there. The suit was for damages because of the alleged wrongful expulsion of plaintiff from the order. From a judgment in plaintiff's favor defendant appealed to the supreme court. The facts of the case are sufficiently stated in the opinion of the court.

*Latham & Atwood* and *Teat & Niles,* for appellant.

It is well settled law that where appeals are amply provided for as in this case the appellee should have prosecuted his appeal from the order of expulsion in the subordinate lodge, and his failure to do so bars his right of recovery. *Ward* v. *Davis & Jonathan,* 90 Miss. 116, 29 Cyc. 253.

The appellee admits that he was fined and never paid his fine, which fine should have been paid, if he had not accepted the expulsion as final. This was such a violation of his contract as to have forfeited his rights to participate in the funds of the order even upon his death.

The appellee treated his expulsion as final for more than one year's time. He was not expelled from the other lodge, the Royal House, but simply let his policy or contract lapse.

*A. P. Dodd* and *L. Brame,* for appellee.

Where a beneficial organization issues a death benefit certificate to one of its members entitling the beneficiary to a stated sum on the death of the member in good standing, upon condition of his paying certain stipulated assessments and complying with the by-laws and constitution of the order, the member has such an interest in the enforcement of the benefit certificate as entitles him to maintain an action to recover damages for its repudia-

tion. *O'Neal* v. *Supreme Council,* 1 Am. and Eng. Ann. Cases 422.

It is denied that Wilkes did join the defendant order, and that defendant is a fraternal insurance association, the certificates it issues provide for the payment of certain dues and assessments, so does the ones sued upon. Admitting all of plaintiff's testimony as true, plaintiff was expelled without a trial and illegally.

MAYES, C. J., delivered the opinion of the court.

It is sufficient to say, so far as the facts of this case are concerned, that A. W. Wilkes joined the Independent Order of Sons and Daughters of Jacob of America some time in the year 1906. This order is a fraternal insurance organization, and membership in good standing is a condition precedent to insurance, and a continuation of the insurance after once joining and insuring compels a continuation of membership. When Wilkes joined, he became insured for two thousand dollars, and was paying the premiums on this policy at the date he was put out of the order. On March 30, 1908, Wilkes claims that he was willfully, capriciously, and unlawfully expelled from the order, resulting in a deprivation of all his rights as a member and the destruction of his contract rights under the insurance policy. Wilkes was expelled by a subordinate lodge, of which he was a member; and, although the laws of the order provide for appeals to the higher authorities of the order, he took no appeal, but instead sued the order for the unlawful expulsion, laying his damage at the sum of two thousand dollars.

There is some testimony going to show that Wilkes tried to take an appeal, but was frustrated in the attempt by certain officers of the order. We do not deem it material to consider the testimony on this line, since this is a suit for alleged wrong, and is not an effort to be reinstated to membership in the order. So far as this record discloses, there seems to be no purpose on the part

of Wilkes to try to be reinstated in the order, nor does it disclose any desire on his part to continue membership therein. The jury settled all questions of disputed facts, and by its verdict found that Wilkes was unlawfully expelled, and fixed the amount of his damage at two hundred and twenty-five dollars. We are not warranted in disturbing this verdict, unless there is some error in the instructions of the court necessitating such a course.

It is argued to the court that Wilkes failed to prosecute an appeal from the order of the subordinate lodge expelling him, and because of this he was not entitled to maintain this suit. It is said that on this point the trial court gave two instructions, one for Wilkes and one for the order, that are in hopeless conflict, and must result in a reversal of the case. It is argued that the court instructed the jury on behalf of Wilkes, and in instruction No. 3 told them that, if they believe from the evidence that the expulsion of Wilkes was illegal, this alone would constitute a breach of the insurance and entitle him to recover. And yet, by instruction No. 8, given for the order, the court tells the jury that although they may believe from the evidence that Wilkes was illegally expelled, still if they further believe from the evidence that he failed to prosecute an appeal, as provided by the laws of the order, and failed to exhaust his remedies within the order before resorting to the courts for relief, they should find for defendant. These two instructions are in hopeless conflict; but instruction No. 3, given for Wilkes, is correct, while instruction No. 8, given for the order, is wrong, and should not have been given at all. Since instruction No. 8 states the law much more favorably to appellant than it should have been stated, of course the appellant is in no attitude to complain of it. Instruction No. 8 should not have been given at all, since it is not true that Wilkes was compelled to exhaust his remedies within the order before he could institute suit for damages for his unlawful expulsion.

Counsel for appellant rely on the case of *Ward* v. *Odd Fellows,* 90 Miss. 116, 43 South. 302, as authority for this contention; but the case never held that. The *Ward case, supra,* and the case now on trial, are quite distinct in the object sought to be accomplished, and are controlled by different principles. In the Ward case mandamus proceedings were instituted by Ward and others for the purpose of having their membership continued in the order from which they had been dropped. An appeal was allowed to all members who claimed to be unlawfully put out of the order, and this court held in the above case that when an order provided an appeal to an aggrieved party, who had been put out of the order and desired to continue his membership therein, such person must first exhaust his remedies within the order. It is easy to notice the distinction between the Ward case and the case now on trial. In the Ward case the parties claimed, at that time, to be in reality members of the Odd Fellows, and sought to have that membership recognized by the order. They had subscribed to the by-laws of the order and while members of the order, merely seeking recognition as such, they were compelled to pursue the remedies prescribed by the order. The Ward case was no suit for damages for the wrong done by unlawful expulsion from the order and destruction of a valid contract of insurance, and in this lies the distinction between those two cases. The courts will take hold of and protect personal and property rights in whatever way it may be sought to disregard them. When it comes to a matter of insurance, or the doing of any willful wrong, a so-called benevolent, mutual, fraternal, or any other insurance organization is entitled to no immunity from its wrongdoing by virtue of the cloak it wears. Rights are more sacred than names, and in modern days the so-called mutual and benevolent associations engaged in effecting life insurance are regarded as what they in truth are, mere insurance companies adopting that plan

of insurance which best suits their ideas, but insurance associations at last.

It is true that some courts have held that even in a suit for damages by a person unlawfully expelled from a society, or order, of which he is a member, such person must first exhaust his remedies in the order. One of these cases is the case of *Lavalle* v. *Society of St. Jean Baptiste,* 17 R. I. 680, 24 Atl. 467, 16 L. R. A. 392. But the large majority of cases hold the reverse of this, and in our judgment announce the more correct and just rule. In the case of *St. Louis & S. W. Ry. Co. of Texas* v. *Thompson,* 102 Tex. 89, 99, 113 S. W. 144, in part of opinion found on page 147, the court said, in speaking of the contention that one must exhaust the remedies provided by a society of which he was a member before suing for damages: ''This is not a proceeding to restore him to his membership. It is a suit for damages occasioned by his expulsion, and one in which his property rights, as well as personal rights, are involved. We are of opinion that it was not necessary for him to have prosecuted his appeal further than he did before instituting his suit for damages. *Benson* v. *Screwmen's Ben. Ass'n,* 2 Tex. Civ. App. 66, 21 S. W. 562; *Bauer* v. *Samson Lodge, K. P.,* 102 Ind. 262, 1 N. E. 571. On application for mandamus to restore plaintiff to membership, the court would not take jurisdiction until the applicant had exhausted his remedies under the laws of the brotherhood. The same reason does not apply in a suit for damages. The right to apply to the courts for redress of such injuries as in this case exists in favor of all citizens, and could not be abridged by any association, except by the consent of the member. The defendants have no ground upon which to stand in demanding that the remedy of appeal should be exhausted before they are called upon to repair the injury they have inflicted upon Thompson. The continuance of his membership in the brotherhood does not concern the defendants.'' See, also, *Lahiffe* v.

*St. Joseph T. A. & B. Soc.*, 76 Conn. 648, 57 Atl. 692, 65 L. R. A. 92, 100 Am. St. Rep. 1012; *Fort* v. *Iowa Legion of Honor* (Iowa), 123 N. W. 224; *Benson* v. *Screwmen's Ben. Ass'n*, 27 Tex. Civ. App. 66, 21 S. W. 562; and *Thompson* v. *Grand International Brotherhood L. E.*, 41 Tex. Civ. App. 176, 91 S. W. 834.

Some complaint is made in the brief of appellant because no instructions were given to the jury on the measure of damages. Counsel should have requested such instruction on the trial; but failing to do so, and the amount assessed being well within what the jury could properly assess, the verdict cannot now be disturbed, because counsel on neither side asked for such instruction.                                   *Affirmed.*