His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
*312 This is an action in damages for illegal suspension or disfranchisement.
Plaintiff is a colored man. He alleges that he was a •member ip good standing of Imperial Lodge, No. 116, of 'Knights of Pythias, a colored organization, up to June •7th, 1909, when"he was illegally suspended; that the following charge was preferred against him:
“Kenner, La., April 15.th; 1909.
“Sir and Brother Walter Johnson: .
“You are hereby charged by Bro.. A. Dennison with being a dangerous disturber of the peace and harmony of the Lodge by falsely and maliciously accusing him,' A. Dennison, of politically advising brother members of said Lodge to sign a petition against the administration, also using the name of the Sheriff, Mr. Marrero, as backers to the Lodge in anything that they would, do. Information received from the Honorable Justice of the'Peace, Paul Felix.
“Yours in F: C. & B,
“Lucian Jones, Act. K. of E. and S. •’
That the charge was referred to a committee; that the Lodge found petitioner guilty .and dismissed him; that immediately after his dismissal petitioner filed an appeal with the Grand Lodge; that the Grand Lodge, through S. W. Green, its Grand Chancellor, refused him a rehearing; that the action of the Imperial Lodge No. 116 of the Grand Lodge was arbitrary and illegal; that the Grand Lodge is liable for the illegal acts of Imperial Lodge, and that it is therefore liable in damages to your petitioner; that he has lost the benefits of three years membership in said lodge; that his policy of insurance of $500 in said lodge upon his life in favor of his wife has been can- *313 celled,, and. a sick benefit of $3 per .week forfeited; that as a. consequence he has been also expelled from membership of the “Court of Calantbe,” an auxilliary organization of said Knigbts, wbicb entitled him to an insurance of $200 on bis life in favor of bis wife, and aiso a sick benefit of $3 per week; that be has also suffered humiliation, disgrace, and odium of expulsion by reason of wbicb be can no longer become a member of any lodge of Knigbts of Pytbias in any part of tbe world. For all of tbis plaintiff claims $1,200 damages.
A number of exceptions were filed and overruled. A.s they have not been urged in tbis Court, we will consider them waived and not notice them. '
Tbe answer was an admission that plaintiff was a member and a general denial as to tbe rest, with an allegation that plaintiff bad been suspended only and not- expelled from membership.
There was judgment in favor of defendant dismissing plaintiff’s suit as in case of non-suit, reserving tbe right to sue for reinstatement as a member, after denial by tbe Grand Lodge.
Tbe Court found that be bad been arbitrarily and unjustly dealt with; that tbe accusation and trial were mockeries; that inasmuch as plaintiff bad,not been expelled, but- only suspended, be bad no doubt that on proper application be would be reinstated. ■
Plaintiff has appealed.
Tbe facts are these:
Plaintiff was admitted as a member of tbe Knigbts of Pytbias on January 15th, 1906; be received a policy of insurance of $500 on March' 16th, 1906. He became a member of the “Grand Court of tbe Order of Calantbe”' on March 26th, 1907, and received a policy in that order *314 on May 10th, 1907. The plaintiff resides at Kennerville, where his lodge holds its meetings. There was a. petition circulated 'requesting the Legislature to abolish the charter of the City of Kenner; another opposing the same. Paul Felix, a merchant of Kennerville and a Justice of the Peace, supported the former petition. Arthur Dennison, who was ‘ ‘ Chancellor Commander of the Imperial Lodge, No. 16,” championed the latter. Under his influence, the plaintiff, Walter Johnson, signed the petition against the abolishment of the charter. When plaintiff heard that Felix, with whom he dealt, and whose advice he sought, was in favor of abolishing the charter, he went to him and explained to him that in signing the other petition he had yielded to Dennison’s request. At a meeting of the Lodge held some time after, on November 2nd, 1908, Walter Johnson presented a sick benefit claim on behalf of his brother. Whereupon Arthur Dennison, who was presiding, insulted and abused the plaintiff, and, taking from his desk drawer a pistol, advanced towards plaintiff' and threatened to kill him, which he was only prevented from doing by the interposition of other members. Walter Johnson preferred a charge against Dennison before the Lodge; the latter was tried, convicted and sentenced on December, 1908, to pay a fine. He followed this up by a criminal accusation before the District Court of Jefferson, which condemned Dennison to pay a fine of $25. Thereupon Dennison, presiding officer, on April 15th, 1909, formulated against Johnson the charge contained in the petition, which we have already quoted. A committee was appointed to investigate the charge. The committee called up Paul Felix and asked him whether he had written the following letter:
*315 “Kenner, La., March 3,1909.
“This is to certify that Walter Johnson said that A. Dennison had advised the brother members of the K. P. Lodge to sign the petition against administration and said that Mr. Marrero wonld back them np in anything they would do.
(Signed) ‘ ‘ Paul Felix. ’ ’
Paul Felix admitted that he had written the letter. An informal trial was had, of which no record was made and no testimony taken, as required by No 2 of Section 2 of Article 1 of page 56 of the Constitution for subordinate lodges, '
The committee acting solely on Felix’s letter, of March 3, filed their report on May 17, finding plaintiff guilty as charged.
Another letter had also been written by Paul Felix, as follows:
“Kenner, June 7th, 1909.
‘ ‘To whom this may concern:
“Since Walter Johnson refreshed my memory he did not say the exact words I wrote in my first letter and I explained same to the Committee.
(Signed) “Paul Felix.”
On the same day the report was adopted by the lodge which suspended Brother Walter Johnson “from membership in Imperial Lodge.” The minutes have been erased at this point, and these last five words were written apparently at a. different time, with a different pen, and by a different hand. On June 21st, 1909, Johnson addressed an appeal from this action to the ’Chancellor Commander in accordance with Section 3 of the Consti *316 tution. This appeal was sent to the Grand Chancellor, S. W. Green, who wrote to Walter Johnson acknowledging its receipt and promising to refer the matter to the Lnancellor Commander, Dennison. Up to this time the plaintiff had not been informed that any action had been taken on his appeal. .
There are three salient facts in this case. They are that the charge against Johnson had no connection with the affairs of the lodge and constituted no offense against the lodge for which .a member could have been suspended. This is admitted by S. W. Green, the Grand ’Chancellor of the Knights of Pythias of Louisiana and also the Supreme Chancellor of the Supreme Lodge. 2nd. That the finding of the committee was not supported by the evidence, which consisted exclusively of Felix’s letter of March 3rd, 1909; that it is apparent that the sole reason for taking action against Johnson was his charge against Dennison before the lodge and before the 'Criminal Court, and that the prosecution was actuated by Dennison out of a spirit of retaliation, and that the finding of the committee was the result of his influence over them; 3rd that the appeal made by Johnson was referred to the Grand Chancellor Green who in turn sent it back to the ‘ ‘ Chancellor Commander” who was Dennison himself, the prosecutor; that both Green and Dennison have so far failed to make a report on the appeal, and that both have evidenced a determination not to grant Johnson the relief asked by him.
It is contended by the defense that according to the rules of the Association, after appealing to his own lodge, and being dismissed by the Grand 'Chancellor, plaintiff should have appealed to the Grand Lodge, and if he was not satisfied with their decision, he could appeal to. the Supreme Chancellor, and if denied relief by him, he could *317 again appeal to the Supreme Lodge, and that it was only after exhausting these remedies that he could seek redress before the Courts. But it happens that the same S. W. Green who was Grand Chancellor and who had turned down Johnson, was also Supreme 'Chancellor of ■the Supreme Lodge. It is also in evidence that the Grand Lodge only meets once a year, and that the Supreme Lodge meets every two years, so that it might happen that the plaintiff’s case might have been pending for three years before a decision. We are of opinion that Johnson’s appeal to the Supreme Lodge would have been useless if not impossible since there was no appeal until Green had acted and he showed a disposition not to act.
Opinion and decree, April 10th, 1916.
Rehearing refused, April 24th, 1916.
Writ denied, June 7th, 1916.
It has also been argued that plaintiff’s only remedy is a demand for reinstatement as a member. He relies upon the following authority: 17 R. I., 680; 24 Atl., 467; 16 L. R., 392.
The reasoning in that case does not commend itself to us. Besides our Supreme Court has decided otherwise in Schneider vs. Local Union, 116 La., 276. In that case they reinstated a suspended.member and gave him $200 punitory damages. We are bound by that decision.
It is therefore ordered that the judgment of the lower Court be annulled, avoided and reversed; it is now ordered that there be judgment in favor of plaintiff condemning the defendant to pay him the sum of one hundred dollars with five per cent per annum interest from the date of this judgment until paid, and all costs of suit, reserving to the plaintiff the right to sue for reinstatement as a member.