| 212 | 409 |
| e217 | ⁴576 |

| 212 | 409 |
| f225 | ⁴532 |

# Keiser, Appellant, *v.* Lehigh Valley Railroad Company.

*Negligence—Railroads—Running behind schedule time—Speed—Signals—Evidence—Grade crossing.*

It is not negligence for a railroad company to run a passenger train after midnight, twenty-five minutes behind its schedule time.

It is not negligence for a railroad company to run a fast passenger train in the nighttime over a country crossing at the rate of thirty-five miles an hour.

Where the exact rate of speed of a train shown by its schedule and fixed by the train record made by the conductor at the time shows a rate of thirty-five miles an hour, the court will consider of no value the testimony of a witness who states that the train was running very fast, but does not state how fast, nor fix any standard by which the speed of the train could be ascertained.

In a railroad grade crossing accident case, the negative testimony of nine witnesses that they did not hear the whistle blown nor the bell rung on a stormy and windy night, amounting only to a scintilla, cannot prevail against the overwhelming and positive testimony of fourteen witnesses, which conclusively established the fact that these duties were performed. In such a case the trial judge is warranted in giving binding instructions to the jury to return a verdict in favor of the defendant.

Argued April 13, 1905.   Appeal, No. 99, Jan. T., 1905, by plaintiff, from judgment of C. P. Luzerne Co.; Feb. T., 1903, No. 188, on verdict for defendant in case of Mattie E. Keiser v. The Lehigh Valley Railroad Company.   Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Trespass to recover damages for the death of plaintiff's husband.   Before FERRIS, J.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Paul J. Sherwood*, for appellant.—It is the duty of those in charge of a train to give notice, by whistle or ringing the bell or other device, to warn of their approach, and if they do not they are negligent: Haverstick v. R. R. Co., 171 Pa. 101; Longenecker v. R. R. Co., 105 Pa. 328; Newhard v. R. R. Co., 153 Pa. 417; R. R. Co. v. Ogier, 35 Pa. 60.

The presumption that the trainmen of a railroad company performed their duty when a train approaches a grade crossing may be overcome by the testimony of a single witness for the plaintiff that no whistle was sounded or bell rung, if the defendant offers no evidence on the subject: Haverstick v. R. R. Co., 171 Pa. 101.

*J. B. Woodward*, of *Woodward, Darling & Woodward*, for appellee.

OPINION BY MR. JUSTICE ELKIN, June 22, 1905:

The plaintiff in her statement of claim charged the defendant company with negligence in running the train which caused the accident, at an unusual time, and excessive rate of speed, and without giving due warning of its approach to the crossing.   The appellee cannot be held liable in damages unless it affirmatively appears from the evidence that there was negligence in some or all of these respects.   What does the evidence disclose?

The train was running after midnight about twenty-five minutes behind its schedule time. This is neither unusual nor exceptional, and is not negligence within the meaning of the law so as to make the defendant liable in damages. Nor does the testimony show that the train was running at an excessive rate of speed. The witnesses of the appellant did not fix the rate of speed. It is true one witness testified that the train was running very fast, but inasmuch as he did not say how fast, nor fix any standard by which the speed of the train could be ascertained, his testimony is without value in this respect. The exact rate of speed shown by the schedule and fixed by the train record made by the conductor at the time showed the rate of speed to be a little over thirty-five miles an hour. It was a fast passenger train with two locomotives, and this rate of speed is not excessive for such a train. It is clear, therefore, that the appellant failed to establish her allegations of negligence that the train was running at an unusual time or at an excessive rate of speed.

The only question left for us to consider in reference to the alleged negligence of the defendant is whether through its employees it failed to give due warning of the approach of the train to the crossing. The appellee contends that it performed its duty in this respect by providing headlights, for its engines, by ringing the bell and blowing the whistle at the proper places before reaching the crossing where the accident occurred. The appellant contends that these signals were not given. There is no serious dispute about the headlights. The evidence shows that they were lighted and in their proper places. The appellant undertook to show that the whistle was not blown nor the bell rung. Nine witnesses testified that they did not hear the bell ring nor the whistle blow. The testimony of all of these witnesses was negative in character, and cannot prevail against the positive and conclusive testimony of the appellee, which clearly showed these duties to have been performed. This case comes under the rule stated by Mr. Justice PAXSON in Urias v. Pennsylvania Railroad Company, 152 Pa. 326, wherein it is said : " One witness who hears the ringing of a bell is worth more than the testimony of a dozen witnesses who did not hear it, unless in some manner their attention had been especially called to it. The witness who heard the

bell either tells the truth, or he tells a deliberate and wilful falsehood, while the witness who did not hear the bell may be, and is probably truthful. The bell may be rung or the whistle blown without attracting the attention of persons who are familiar with such sounds." In Culhane v. New York Central, etc., Railroad Co., 60 N. Y. 133, the following rule is stated: "A mere, 'I did not hear' is entitled to no weight in the presence of affirmative evidence that the signal was given, and does not create a conflict of evidence justifying a submission of the question to the jury as one of fact."

While our cases have not stated the rule so broadly as the New York case cited, yet this court has frequently said that where the negative testimony amounts only to a scintilla, a jury cannot be allowed to disregard the positive and conclusive testimony which establishes the controverted fact. The presumption is that the trainmen of a railroad company perform their duty in these respects when a train approaches a crossing: Pittsburg, etc., Railway Company v. Dunn, 56 Pa. 280. In the case at bar, in addition to the presumption that the trainmen performed their duty, the defendant produced fourteen witnesses who testified in the most positive terms that the signals were given at the proper places before the train reached the crossing. The engineer who blew the whistle and started the automatic ringer, the engineer of the second engine whose duty it was to listen for the signal so that if the first engineer failed or neglected to blow the whistle it was his duty to do so, the man who was pulling the rope that rang the bell, the man sitting in the cab and on whose shoulder the bell rope rubbed every time it was pulled, and ten other witnesses whose duty it was to watch for these signals, all testified in positive terms that these signals were given. Of the nine witnesses produced by the plaintiff and who testified that they did not hear the signals, one was shut up in a water tank, another in a boiler house, another in a dwelling house near the switch about 2,200 feet from the whistling post shut off by an intervening hill, another was in an engine house, another in a caboose of the freight train nearly half a mile away, another stood near the water tank close to the passing freight train, and none of them had any duty to perform which called their attention to the signals. The night

was stormy, high winds were blowing, and the weather conditions such as to make it difficult for these witnesses to hear the signals. Under such circumstances, the negative testimony of these witnesses amounted only to a scintilla, and must give way to the overwhelming weight of the positive testimony produced by the defendant.

In Lonzer v. Lehigh Valley Railroad Co., 196 Pa. 610, this court said: "The verdict should have been set aside as in direct disregard of the evidence, and where that is the case, the court may refuse to submit it at all and direct a verdict accordingly." Under these circumstances the learned court below was justified in refusing to submit the question to the jury and in saying that the plaintiff had failed to establish the negligence complained of. This view of the case being conclusive of the questions involved in this controversy, it is unnecessary to discuss the alleged contributory negligence of the appellant.

Judgment affirmed.