# Presser, et al., Appellants, *v.* Dougherty.

*Negligence—Automobiles—Unavoidable accident—Nonsuit.*

Where plaintiff sought to recover damages for personal injuries received in consequence of a collision between a bicycle which he was propelling and defendant's automobile, the entry of a nonsuit was correct where there was no evidence to show that the accident was caused by any negligence of the defendant. The mere fact that plaintiff collided with the automobile does not raise any presumption of negligence, especially where the plaintiff was riding on the wrong side of the street and there was no evidence that the automobile was being operated at a dangerous rate of speed.

Argued Jan. 7, 1913.   Appeal, No. 217, Jan. T., 1912, by plaintiffs, from order of C. P. No. 5, Philadelphia Co., Dec. T., 1909, No. 347, refusing to take off nonsuit in case of Samuel Presser, by his father and next friend Selig Presser, and Selig Presser v. Edwin V. Dougherty, Jr.   Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before RALSTON, J.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit, which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was the action of the court in refusing plaintiffs' motion to take off the nonsuit.

*Harry A. Mackey,* with him *Louis Halprin,* for appellants.

*Joseph T. Bunting,* for appellee.

OPINION BY MR. JUSTICE BROWN, February 24, 1913:
We cannot learn from the record in this case whether

the nonsuit was entered on the ground of the contributory negligence of the plaintiff or because no negligence had been shown on the part of the defendant.   "Where binding instructions are given to the jury or where the court refuses to take off a compulsory nonsuit, the reasons for the action of the court should be at least briefly stated.   This, very frequently, would prevent an appeal by enabling the counsel to see the correctness of the court's position, and, if an appeal should be taken, it would aid very materially the appellate court, as well as counsel, in an intelligent review of the case": Foote v. American Product Company, 195 Pa. 190.   The nonsuit may have been entered on the ground of contributory negligence, but it is not necessary for us to determine whether it was properly so entered, because there was no evidence that the injuries sustained by the plaintiff were due to the negligence of the defendant.

At about noon July 1, 1909, Samuel Presser, a young man in the eighteenth year of his age, was riding north on a bicycle on the east side of 22d street, between Market and Chestnut streets, in the City of Philadelphia. An obstruction was in his way a short distance north of Chestnut street, and he crossed over to the west side of the street.   Instead of returning to the east side after he had passed the obstruction, he proceeded northward on the west side for a distance of about one hundred feet, when he saw the automobile of the defendant approaching him on the same side of the street, at a distance of about forty feet.   He tried to avoid it by turning his bicycle in towards the curb, and, just as he was about against the same, the collision occurred.   The defendant's automobile entered 22d street from Market street on the north, and proceeded down on the west side of 22d street, which was the right hand side going south.   This was the side of the street which he ought to have taken after he turned in from Market street, and there was no evidence that, when he started south on 22d street and travelled the forty feet between him and the plaintiff, his

automobile was being run at unsafe or dangerous speed, or that he recklessly ran into the plaintiff. True, the latter testified that the automobile was running at great speed, but this is indefinite and vague. The speed may have seemed great to the appellant, but he did not say how fast the machine was going nor fix its speed by any standard. If he had done so, his testimony on this point might have been of value: Keiser v. Lehigh Valley Railroad Company, 212 Pa. 409. His testimony was not sufficient for a finding that the automobile was running at a speed so great as to amount to negligence. John A. Miles, a witness, who saw the machine going down the street, was not asked about its speed. The case as presented showed the accident, so far as the defendant was concerned, to have been unavoidable, and, as there was nothing from which the jury could have been justified in finding that it resulted from his negligence, the nonsuit could not have been denied.

Judgment affirmed.