# Davis, Appellant, v. Osborn.

*Negligence—Automobiles—Striking pedestrian—Evidence.*

An owner of an automobile cannot be charged with negligence as a matter of law in striking and injuring a pedestrian, where the evidence shows that at the time of the accident the plaintiff was crossing a street diagonally, between blocks, not a regular crossing, at about 9:30 o'clock in the evening; that when she saw the lights of the automobile she became confused, hesitated, stopped,

Syllabus—Opinion of the Court. [62 Pa. Superior Ct.

and then made a sudden effort to get across in front of the car, and was struck by it; that there was no proof of excessive speed, or that the defendant did not have control of his car; and witnesses for the defendant testified that a horn was blown, although witnesses for the plaintiff testified that they did not hear the horn. Mere proof of the accident under such circumstances does not impute negligence.

Argued Nov. 18, 1915. Appeal, No. 345, Oct. T., 1915, by plaintiff, from judgment of C. P. Bradford Co., Sept. T., 1915, No. 123, for defendant n. o. v. in case of Helen S. Davis, by Catharine M. Davis, her next friend, v. Lee Osborn. Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HECK, P. J., specially presiding.

The circumstances of the accident are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for $607.50. Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*J. Roy Lilley,* with him *Wm. P. Wilson,* for appellant.

*William G. Schrier,* with him *Chas. E. Mills,* for appellee.

OPINION BY TREXLER, J., March 1, 1916:

This is an action of trespass wherein the plaintiff seeks to recover for injuries due to the defendant's negligent operation of an automobile. The jury found for the plaintiff, but the court entered judgment in favor of the defendant, n. o. v. The plaintiff was crossing the street diagonally, between blocks, not at a regular crossing, about 9:30 o'clock in the evening in the town of

Athens. She was going at an ordinary gait. She has no recollection of the accident, but we gather from the narration of the witnesses that when she saw the lights of the approaching automobile, she became confused, hesitated, stopped, and then made a sudden effort to get across in front of the car and was struck by it.

There was no proof of defendant's negligence. Several witnesses testified, not that no alarm was given, but that they did not hear any. This was entirely negative testimony and amounted to nothing as against the testimony of a number of witnesses, who stated with particularity when and where the horn was blown: Keiser v. L. V. R. R. Co., 212 Pa. 409; Tolson v. P. R. T. Co., 248 Pa. 227.

There was no proof as to excessive speed. One witness testified that the automobile was going fast, but admitted that she was no judge of speed and could give no estimate as to how fast defendant was going. He was going, she said, faster than he ought to have gone. It was not shown that the speed was greater than was reasonable and proper having regard to the width, traffic, and use of the highway. It did not appear that the car was handled recklessly. In the language of the lower court, "an examination of the evidence satisfies us that there is no sufficient proof of facts and circumstances from which a jury could reasonably infer that at the time the accident happened, the defendant did not have his car under control as all the circumstances surrounding the collision required him to have." Mere proof of the accident under the circumstances as presented in the case did not impute negligence: Presser v. Dougherty, 239 Pa. 312; Diver v. Singer Mfg. Co., 205 Pa. 170.

As there was no evidence of defendant's negligence, we need not discuss the question of plaintiff's contributory negligence.

The judgment is affirmed.

HENDERSON, J., dissents.