CUMMINS v. STATE.*

(Division B.  Nov. 8, 1926.)

[110 So. 206.  No. 25555.]

1. CRIMINAL LAW.  *Denial of change of venue held not error where evidence on motion was conflicting and voir dire examination was not shown, and defendant failed to exhaust his peremptory challenges.*

It is not reversible error to overrule a motion for a change of venue where the evidence upon the motion is conflicting, where the *voir dire* examination of the jury is not shown, and where the defendant fails to exhaust his peremptory challenges.

2. CRIMINAL LAW. *Error in instructions referring to indictment for elements constituting rape held cured by defendant's instructions fully defining offense; instructions are to be construed together; instructions, which taken as a whole fairly charge law of case, are sufficient; in prosecution for rape, instructions taken as whole held sufficient.*

While it is improper for the state in its instructions to the jury, in defining an offense, to refer to the indictment for the elements constituting the offense, such error is cured by the defendant procuring instructions fully defining the elements of the offense. The instructions are to be construed together, one as supplementing or modifying the others; and if, taken as a whole, they fairly charge the law of the case, that is sufficient.

---

*Corpus Juris-Cyc. References: Criminal Law, 16 C. J., p. 214, n. 85; p. 1049, n. 82; p. 1052, n. 89; 17 C. J., p. 168, n. 93; p. 282, n. 52.

APPEAL from circuit court of Yazoo county.

HON. W. H. POTTER, Judge.

Marvin Cummins was convicted of rape, and he appeals. Affirmed.

*Jones & Womack* for appellant.

I. We recognize the latitude accorded courts in awarding a change of venue but in a case like the one here, where prejudice exists in the public mind, the court should accord to the defendant a more elastic rule than would prevail in other cases. In the case here it is shown that the defendant had no people residing in the county and no friends; on the other hands, the testimony on this motion shows that the prosecutrix had an influential family connection.

The organic law guarantees to every defendant a fair and impartial trial and when it is doubtful that such a trial can be had in the venue of the offense, the person on trial for his life is asking no more than the rights accorded to him by law when he requests that he have a trial in some other county; and there is no reason for a refusal, except the small additional cost. *Eddins v. State,* 70 So. 898.

The affidavit presented by the defendant under section 1242, Hemingway's Code, presents a *prima-facie* showing for a change of venue. *Magness* v *State,* 60 So. 8. The newspapers of the county, going into nearly every home in the county, gave out new stories of the circumstances assuming the guilt of the defendant of a most horrible crime, and influenced the public in a large measure and affected the verdict doubtless.

Threats of lynching were heard and prevailed upon the streets of Yazoo City. While the demonstrations shown in the case of *Brown* v *State,* 83 Miss. 646, 36 So. 73, appear somewhat more demonstrative and violent, still so far as the matter of the selection of a jury, there would be little difference between the case here and the case cited. See, also, *Tennison* v *State,* 78 Miss 708, 31 So. 421.

The motion to change the venue in this case seems to us to be supported by the following cases: *Staffold* v. *State,* 76 Miss. 708, 24 So. 314; *Tennison* v. *State,* 79 Miss. 708, 31 So. 421; *Brown* v *State,* 83 Miss. 645, 36 So. 73; *Anderson* v. *State,* 92 Miss. 656, 46 So. 65; *Eddins* v. *State,* 70 So. 898.

II. The last instruction asked for by the state is palpably incorrect. This instruction endeavors to state that if the defendant obtained the consent of the prosecutrix by fear, or accomplished his purpose by force, or by the use of intimidations and force accomplished his purpose, and the jury should so believe beyond a reasonable doubt, he is guilty. The language used leaves the question as to the cause of such fear, or the producing cause of fear on the part of the prosecutrix, to any fear, from any source, whether from the defendant or from a cause not projected by the defendant. The instruction as given does not qualify the statement of the law as to the "fear" on account of which she was caused to yield herself to the acts of the defendant.

If this instruction had stated that the defendant by means of threats, and by an exhibition of an ability to carry such threats into execution, to kill or injure the prosecutrix and thus by means of such threats and exhibition of ability to carry the threats out overcame her will and by these means gained her consent and had carnal knowledge of her, then the instruction would have embraced all the elements going to make up a proper charge; but from the instruction here many of the necessary elements going to make up the offense, which he undertakes to charge, are left out and the court erred in granting this instruction for the state.

*J. A. Lauderdale* Assistant Attorney-General, for the state.

I.  *The motion for change of venue.*  On the trial of the motion the state introduced fourteen witnesses. These witnesses were selected from different parts of the county, nearly every community in the county being represented by one or more witnesses.  All of these witnesses testified that the defendant could get a fair and impartial trial in Yazoo county; that a fair and impartial jury could be selected in the usual way; that there was no bias, prejudice, or ill will against the defendant; that the people of the county had not pre-judged the case against the defendant; that they knew of nothing that would prevent a fair and impartial trial being had between the state and the defendant.  At least, two of these witnesses testified that the comments they had heard with reference to the case were more favorable to the defendant than to the state.

The defendant introduced six witnesses, all of whom lived in Yazoo City.  Three of these witnesses testified that appellant could get a fair and impartial trial; two did not know the sentiment of the people.  The record does not show the *voir dire* examination of the *jurors.* It does not appear that any peremptory challenges were

exercised. No objections nor exceptions were made and reserved to any juror nor to the panel.

This court determines the question not alone on the testimony introduced on the motion but from the completed trial and it should have the benefit of the examination of these jurors in determining this question. So far as the record shows every juror was qualified, fair and impartial. Indeed, it may be that not a man on the jury ever heard of the case until he was called as a juror. *Long* v *State*, 133 Miss. 33; *Jones* v. *State*, 133 Miss. 684; *Wallace* v. *State*, 108 So. 810.

II. Counsel for appellant contend that the last instruction granted is erroneous. I do not think so. The instruction is a correct announcement of the law; it follows the language of the statute. However, if I am mistaken in this, the error is cured by instructions Nos. 7, 9 and 10, granted to the defendant. *Upton* v. *State*, 108 So. 287.

The judgment of the trial court ought to be affirmed.

Argued orally by *H. F. Jones*, for appellant, and *J. A. Lauderdale*, Assistant Attorney-General, for the state.

ETHRIDGE, J., delivered the opinion of the court.

Marvin Cummins, the appellant, was indicted, tried, and convicted of rape upon the person of Jennie Lou Vaughn, a female about fifteen years of age, and was sentenced to life imprisonment in the state penitentiary therefor. When the cause was called for trial, the appellant filed a motion for a change of venue, in which he alleged that the population of Yazoo City was about seven thousand; that the population of the entire county was about forty thousand; that there were two newspapers published in Yazoo City with a general circulation in the city and county, one having about two thousand two hundred subscribers, and the other two thousand five

hundred subscribers, and that each carried an account of the occurrence with its comments thereon unfavorable to the defendant; that the defendant was arrested on the evening of July 26, 1925, the date of the crime, and, as a matter of precaution, was placed in jail outside of Yazoo county; that shortly after his arrest a petition was circulated in Yazoo City, requesting the circuit judge to hold a special term of court for the purpose of trying the defendant; and that this petition was signed by some (the record does not disclose the number of people who signed said petition). It further alleged that, on the day set for the preliminary hearing before the justice of the peace, a crowd of some thirty or forty persons congregated at the courthouse; that the defendant waived the preliminary hearing and did not appear at that time; that he was kept out of the county for some time on account of the fear of possible violence to him.

The testimony taken on the motion for a change of venue was conflicting, and the judge overruled the motion. The *voir dire* examination of the jurors is not contained in the record, and we are, therefore, unable to see what character of testimony the jurors gave on such examination. The defendant is not shown to have exercised all of his peremptory challenges.

The defendant demurred to the indictment because the indictment failed to charge an assault on the person of Jennie Lou Vaughn. The indictment, omitting the formal parts, charged that:

"Marvin Cummins in the said county, on the 26th day of October, A. D. 1925, upon the person Jennie Lou Vaughn willfully, unlawfully, feloniously, forcibly and against her will and without her consent, did ravish and carnally know, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state," etc.

We think the indictment was good and sufficient to charge the offense, and that therefore, the demurrer was properly overruled.

It will be unnecessary to set forth the details of the testimony with regard to the commission of the offense. Suffice it to say that the testimony of Jennie Lou Vaughn was sufficient to show a case of rape.

The defendant, who testified in his own behalf, testified that, although the act was done between them it was done freely, voluntarily, and with the consent of the girl. This occurred during an automobile ride in which the appellant took the said girl several miles from her home, on a lonely plantation road, and by threats of personal violence (he being armed with a pistol) and by force, according to the testimony of the prosecuting witness. Appellant returned the girl to her home, and went away to call on another lady in the country. The prosecutrix, immediately after going into the house, called her mother into the bath room and made complaint to her against the appellant. A doctor was summoned. He made an examination of the girl and found that she was injured in her private parts and that she was a virgin prior to the alleged act of intercourse. The defendant's statement as to the relations between him and the girl, while possibly true, are improbable, and, at least, the jury was warranted in disbelieving his version of the affair and accepting that of the prosecutrix.

It is next complained that the court, in instructing the jury for the state, committed error in referring to the indictment instead of setting out, as it should have done, the elements or hypothesis of fact constituting guilt. The first instruction for the state reads:

"The court instructs the jury for the state that, if you believe from the evidence beyond every reasonable doubt that the defendant forcibly had carnal knowledge of Jennie Lou Vaughn in the manner, as alleged in the indictment, then it would become the sworn duty to find him guilty."

The instruction most complained of reads as follows:

"The court instructs the jury for the state that, if you believe from the evidence beyond all reasonable doubt

that the defendant either on account of fear or force, or by fear and force combined, overcame the will of Jennie Lou Vaughn, and had carnal knowledge of her in the manner, as alleged in the indictment, then it will be the sworn duty of the jury to convict the defendant.''

The defendant got several instructions specifically telling the jury what it would take to constitute the offense, and what proof was necessary to sustain the indictment. The seventh instruction for the defendant reads as follows:

''The court instructs the jury for the defendant that a woman should resist an attack to force sexual intercourse upon her by every physical power she may have, but, if it is undertaken by the state to show that she did not resist because of threats or placing her in fear, the state must prove all such threats beyond all reasonable doubt, also that the threats made, taking into consideration the deportment and demeanor of the defendant as shown, as to whether or not the female was actually put in fear of her life, and that such fear of the defendant caused her to submit to his advances and were of a character to cause her to give up her virtue.''

Instruction No 8 for the defendant reads:

''The court instructs the jury for the defendant that rape is the having of unlawful carnal knowledge of a woman by a man, forcibly and against her will, and the woman must resist the advances of the man, and her resistance must be persistent and continuous, and she must never submit to the act as long as she has power to resist, otherwise she will be presumed to have consented to the act, while no consent will be presumed in case the man by threats of violence overpowers her mind; still, the state must show by evidence excluding all reasonable doubts from your minds that threats were made by the defendant against the life of the woman, thus forcing her to yield herself to him, and you must further believe that the defendant made a show of his ability to carry his threats into effect, and all of this evidence, taken with

all the other evidence in the case, must convince your minds beyond every reasonable doubt of the guilt of the accused or you should return a verdict of not guilty."

The ninth instruction reads:

"The court instructs the jury for the defendant that rape is the carnal knowledge of a woman by a man, forcibly and against her will, and that a woman must never consent to the act, but must resist with all the force of her physical power, unless you believe from the evidence, beyond every reasonable doubt that the man made threats of death or great bodily injury to the female, which the woman believed, and which the man was apparently able to accomplish."

These instruction cured the defects and errors in the state's instructions. A very similar error was held to be cured by instructions for the defendant properly giving the law in the case of *Upton* v. *State,* 143 Miss. —, 108 So. 287, which case controls the one here on this point. We find no error in the trial of the case.

Subsequent to the trial and after the adjournment of the court, and after the case was appealed to this court, the appellant filed a petition for a writ of error *coram nobis* setting up that he received a letter from Jennie Lou Vaughn in which she stated that her testimony was false, that she was compelled to testify against him by her mother and uncle, and that she loved him, making an exhibit of the purported letter.

The state demurred to the application, and the demurrer was sustained. The record is brought here upon this application and submitted along with the main case. There is no merit in this appeal, as the application for writ of error *coram nobis* will not allow any such case. If we should set aside a conviction in a criminal case merely because some witness subsequent to the trial confessed, or stated that his testimony was not true, there would never be an end to litigations. The credibility of the witness and the truthfulness of her testimony was an issue in the main trial, and the defendant was perfectly

competent to understand the issue and conduct his defense.

The judgment of the court below is affirmed.

*Affirmed.*