DOLAN *v.* STATE.

(Division B.   June 14, 1943.)

[13 So. (2d) 925.   No. 35278.]

Howard A. McDonnell, of Biloxi, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

156

Argued orally by **Howard A. McDonnell**, for appellant, and by **R. O. Arrington**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellant was convicted of a brutal and unjustifiable assault and battery with intent to kill Mrs. Terrel Heidel-

berg, a resident citizen of Pascagoula. The testimony adduced at the trial presented an issue for the determination of the jury. We limit our examination to certain legal questions presented by the assignment of errors.

The refusal to grant the following instructions is alleged as error:

"The Court instructs the jury that if they believe from the evidence that any witness has heretofore, or on this trial, sworn falsely to any material fact or facts, in this case, they may disregard the testimony of each such witness altogether."

"The Court instructs the jury for the defendant that if the State fail to prove all the material allegations in the indictment, then it is the duty of the jury to find the defendant not guilty."

"The Court instructs the jury for the defendant that the jury may disregard the entire testimony of one who has wilfully testified falsely on a material matter in this case, though the testimony of any such witness be corroborated."

The first instruction is clearly erroneous as being upon the weight of the evidence and the credibility of witnesses and falls under the condemnation heretofore visited upon the so-called principle of "falsus in uno." Metropolitan Life Insurance Company v. Wright, 190 Miss. 53, 199 So. 289; Columbus & G. Ry. Co. v. Robinson, 189 Miss. 675, 198 So. 749; M. & A. Motor Freight Lines v. Villere, 190 Miss. 848, 1 So. (2d) 788.

The second instruction should have been refused, its chief defect being that it furnished the jury with no acceptable standard by which the quality or degree of proof should be measured.

The third instruction, in addition to its being argumentative, is subject to the same criticism directed against the first.

The crime was committed about three o'clock in the morning while the victim was asleep in bed. A long iron bar was used, and the assailant entered and escaped

through a window. The witness Profit testified that he was passing the Heidelberg home about three o'clock on the morning of the assault, heard a woman scream and saw the defendant emerge from this home. The witness Danley, who lived about one hundred feet from the home of the defendant, testified that about 3:30 the same morning he heard and recognized the truck belonging to defendant and saw him standing beside it. Witness Atwood testified that he drove defendant to a point near the Heidelberg home about three o'clock the same morning. Dolan got out and requested the witness to wait there for him. The witness fell asleep and was later awakened by defendant who stated: "Quick Bill, let's get away from here, I have had some trouble."

This is not the complete testimony, but is disclosed as a background for a discussion of the next assignment of error. Shortly after the assault, bloodhounds were procured and taken to the window of the Heidelberg home where they took up the scent and followed a trail which led to the point where the witness Atwood testified defendant's truck had been parked. Some preliminary testimony as to the course followed by the bloodhounds was objected to and sustained. Other such testimony was admitted. We need not detail this evidence for the reason that the owner and trainer of the dogs later testified as to their pedigree, training and ability, and produced certificates of registration showing purity of breed, and in all respects met the tests of admissibility set out in Hinton v. State, 175 Miss. 308, 166 So. 762; and Fisher v. State, 150 Miss. 206, 116 So. 746.

On February 26, 1943, after the conviction of appellant at the November 1942 Term, a petition for a writ of error coram nobis was filed by appellant in the circuit court on the ground that appellant had discovered since the trial that two of the state's witnesses had given perjured testimony on the trial, without which, so it was asserted, a conviction could not have been obtained, and that this had been done at the procurement of the chief

of police, and of an employed detective working in the interest of the prosecution. We will concede, for the purposes of this case, that the petition and its exhibits complied in all respects with procedural requirements. On the hearing before the trial judge, the two witnesses testified that their testimony given on the trial in November was wholly false, and that their perjury had been contrived by the chief of police and by the detective as aforestated. The chief of police and the detective testified and denied all the material portions of the charges made as to their alleged conduct. The trial judge denied the writ, but committed the two witnesses to jail for the palpable perjury, acting as we will suppose under Section 1236, Code 1930. Both the witnesses since the giving of their testimony on the hearing in chief of the petition for the writ of error coram nobis have retracted their statements there made, and have sworn that their testimony at the trial in November was true, and that their statements in chief on the hearing of the petition for the writ of error coram nobis was false.

Upon the denial of the writ by the trial judge, appellant applied to a judge of the Supreme Court, as may be done under Section 742, Code 1930, praying that the matter be heard and the writ be issued by the judge of this court. The judge consulted with his division associates, and it was decided that the application should be considered along with the record on appeal from the conviction; and this having been done, the judge aforesaid, with the advice of his associates, has concluded as follows:

1. The writ of error coram nobis will not lie when the ground thereof is that state's witnesses have confessed, or stated or sworn, since the trial that their testimony given on the trial was false, Cummins v. State, 144 Miss. 634, 642, 110 So. 206, except in cases where perjured testimony, or other false means, has been knowingly used by the prosecuting officers to secure a conviction. Mooney v. Holohan, 294 U. S. 103, 55 S. Ct. 340, 79 L. Ed. 791, 98 A. L. R. 406.

2. If it be conceded, although it is not so decided, that a chief of police is within the category of prosecuting officers, the chief of police and his associate charged along with him have denied the charges made against them, and this issue of fact was resolved against appellant by the circuit judge, in which action, after an independent examination of the record by such member of this court has concurred.

The application for the writ of error coram nobis is, therefore, denied by the judge to whom the application was made, and this upon the advice and with the approval of his associate judges.

It is urged that in view of the vacillations of the witnesses Atwood and Danley, it has now become evident that the appellant was convicted in part upon perjured testimony. It is contended that Cummins v. State, supra, did not present a case where a witness had twice changed his testimony, yet both cases involve the same principle. This is not a case where evidence existed at the time of the trial but was not available to the defendant. The entire transaction occurred thereafter.

It is earnestly argued that the defendant ought to have the privilege of a new trial since the credibility of the witnesses has been undermined to an extent which a new trial would reveal. To entertain such argument, we would have to appraise it according to whether we felt that the true version was in the original testimony to which witnesses reverted or in their repudiation which they later withdrew. To be persuaded by such considerations would be to place the control of the courts in the hands of corrupt witnesses who could by successive repudiations of their testimony cause the issue to oscillate at will, and make of perjury a basis for relief at the hands of the law which they had defied. To argue that the defendant should be protected against a conviction upon perjured testimony is to assume, as we may not do, that the evidence adduced on the trial was perjured. To say

that appellant is entitled to trial by due process of law finds echo in the right of the law itself to maintain a due and orderly process.

Affirmed.