## SCHUMPERT et al. *v.* WATSON

No. 41852 . May 8, 1961 129 So. 2d 627

*Karl Wiesenberg,* Pascagoula, for appellee.

*Merle F. Palmer*, Pascagoula, for appellee.

RODGERS, J.

Mrs. Ora Schumpert and John W. Schumpert filed their separate suits against George Watson in the Circuit Court of Jackson County, Mississippi, and by agree-

ment the cases were consolidated and tried as one suit. The jury returned a verdict for the defendant, and from the judgment entered in the lower court, the plaintiffs there appealed to this Court.

On the 20th day of June 1959, Mr. John W. Schumpert was driving his Cadillac automobile in an easterly direction on Highway 90 about one and one-half miles east of Pascagoula, Mississippi. He had his wife, Mrs. Ora Schumpert, and two children in the car with him. He approached the intersection of the Chico Road at about 11:30 A. M. on a clear day. When the appellants had reached a point about 75 feet from the intersection, the defendant George Watson, a 63 year old colored citizen of Jackson County, drove a pickup truck from a point just west of the Chico Road, turning east, and then southeast across the Chico Road intersection. He had reached the right-hand lane on Highway 90, either before or after he had crossed the intersection (the testimony is in conflict on this point), the Cadillac struck the back right-hand side of the pickup truck driven by George Watson. The Cadillac turned over, and the appellants were injured. Mrs. Schumpert had to be hospitalized for about 9 days, and Mr. Schumpert was slightly injured. The Cadillac was a total loss. The testimony was conflicting as to the speed of appellant's automobile, how far his car skidded, the length of his tire marks, and as to how and when the defendant Watson crossed into the right lane of Highway 90. It is obvious that this is a highway accident at an intersection and is a question of fact to be determined by a jury. The jury returned a verdict for the defendant.

The appellants complain that their motion for a new trial should have been sustained, because (1) the verdict of the jury is contrary to the overwhelming weight of the evidence, (2) that the county patrolman O. F. Thornton was summoned as a witness for the defendant and released, and that the plaintiffs did not have an op-

portunity to talk to him, and (3) the court granted two erroneous instructions for the defendant.

The testimony in this case is in conflict not only as to how the accident happened, but also as to where it happened, and who was in the appellant's automobile. The testimony of appellants shows the accident happened west of the intersection of the Chico Road and Highway 90.

The affidavit of the highway patrolman and a map drawn by him show clearly the accident happened at the intersection of the Chico Road and the testimony of the defendant shows that it happened 210 feet east of the intersection, that the appellant John W. Schumpert began to skid west of the intersection, and skidded through the intersection and east of the intersection.

■■ It is the universal rule that all disputed questions of fact must be left for the jury to consider. McClure v. Wilson, 186 P. 302, 18 A. L. R. 1421. Mississippi statutory law requires that: "All questions of negligence and contributory negligence shall be for the jury to determine." Section 1455, Code of 1942, Rec.

■■ This Court has repeatedly held that a jury verdict based upon conflicting evidence will not be disturbed on appeal. See Key Number 1002, Appeal and Error, West's Mississippi Digest. ■■ Moreover, a "verdict or finding of the jury will not be disturbed as against the evidence because of a mere preponderance of evidence against it, but will be set aside only when it is palpably against the weight of evidence, or clearly shows that the jury was mistaken, or was influenced by passion, prejudice, or corruption." See Key Number 1003, Appeal & Error, West's Mississippi Digest. Where the evidence is conflicting and would have supported a verdict either way, it is peculiarly a case for the jury. Trotter, et al v. Staggers, et al, 201 Miss. 9, 28 So. 2d 237.

In the case of St. Louis & S. F. R. Co. v. Bowles, 107 Miss. 97, 64 So. 968, this Court said: "* * * we do not believe it to be the province of this Court to set aside the verdict of a jury, finding the facts of the case, merely because we should be of opinion that the verdict was contrary to what we deemed the weight of evidence."

We are, therefore, of the opinion that the testimony was conflicting, and this was a case for the determination of the jury in the lower court.

The point raised by the appellants in regard to the affidavit of the county patrolman, in which he alleges that he arrived at the scene of the accident after the automobiles had collided, but before the automobiles were moved, and that if he had been put upon the witness stand in the case he would have testified to certain facts. For example, he would have testified: "The Watson car had come into the Chico intersection at the same time as the Schumpert car." In fact all of his testimony was either "hearsay", "conclusion" or "opinion" evidence and would not have been admissible over the objection of the defendant. See Standard Oil Co. v. Crane, 199 Miss. 69, 23 So. 2d 297; Columbus & G. Ry. Co. v. Robinson, 189 Miss. 675, 198 So. 749; Delta Chevrolet Co. v. Waid, 211 Miss. 256, 51 So. 2d 443. He could have testified to facts, what he saw, but could not have told what he believed to be true from what he saw. 32 C. J. S., Evidence, Section 438, p. 70. Moreover, the defendant owed no duty to the plaintiff in a civil suit to hold witnesses for them, when he no longer needed them. On the other hand, if the plaintiff wants to hold a witness, he must have a subpoena issued for the witness.

The two instructions granted to defendant and complained of by the appellants requiring the jury to believe by a preponderance of the evidence that John W. Schumpert "was the sole cause of the accident" in order to find for the defendant, although unartfully drawn was

not a reversible error. See Spencer v. Landrum, (Miss.) 186 So. 320. ██ ██ The appellant can not complain of an instruction more favorable to him than that to which he is entitled. See Independent Order of Sons & Daughters of Jacob of America v. Wilkes, 98 Miss. 179, 53 So. 493; Hood v. Moffett, 109 Miss. 757, 69 So. 664; General Benevolent Ass'n. Inc. v. Fowler, 210 Miss. 578, 50 So. 2d 137; Hercules Powder Co. v. Tyrone, 155 Miss. 75, 124 So. 74.

The judgment of the lower court will therefore be affirmed.

Affirmed.

*Lee, P. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.