RODGERS, Justice:
This is an appeal from a suit for personal injuries and property damages alleged to have been sustained by Frank E. Gutierrez as a result of a collision of his Mercury automobile with the Louisville & Nashville Railroad Company’s passenger train known as the “Hummingbird.”
The accident occurred on September 3, 1965 at a railroad crossing on Bohn Street in the City of Biloxi, Mississippi. The appellee was traveling in a southerly direction, and the train, operated by Mr. Charles E. Savage, was traveling in an easterly direction on the main track of Louisville & Nashville Railroad Company (hereinafter referred to as Railroad Company).
The appellee charged in his declaration, and his testimony tends to show, that he was traveling a much used and traveled railroad crossing at the time of the accident, and that the employees of the railroad company failed to blow the train whistle or to ring the bell for the distance required by law; that the train was running late and was traveling at an excessive rate of speed as it approached a dangerous crossing where weeds had grown up so as to prevent one from seeing an approaching train; that plaintiff was injured as a result of the failure of the railroad company to observe and perform its duties required by law. The appellants, Railroad Company and Charles E. Savage, denied that the employees of the Railroad Company failed to ring the bell and blow the whistle of the train, and denied that the train was traveling at an excessive rate of speed. The appellants’ testimony tended to prove this contention. The defendants also denied that the crossing was a dangerous crossing and offered testimony to show that the plaintiff crossed two tracks before he reached the main tracks; that the plaintiff could see down the train tracks for a long distance, and that the accident was caused by his negligence alone.
The jury returned a verdict for the plaintiff, Frank C. Gutierrez, in the sum of $5,000; whereupon, the defendants filed a motion for a new trial. The trial court overruled the motion and the defendants, Railroad Company and Charles E. Savage, appealed.
The appellants contend that the trial court should have granted them a peremptory instruction on the issue of liability, because the plaintiff was “fully familiar with the tracks and the crossing,” and that after he stopped his vehicle, he started it again and did not look either way for train traffic. The appellants cite as authority for their argument New Orleans & N.E.R.R. v. Burge, 191 Miss. 303, 2 So.2d 825 (1941), and Illinois Cent. R.R. v. Smith, 243 Miss. 766, 140 So.2d 856 (1962). We are of the opinion, however, that the facts in these cases are not analogous to the facts in the instant case, because in the instant case the appellee heard the whistle, while in Burge, supra, the Court pointed out that the blowing of a whistle would not have aided in warning the traveler, and in Smith, supra, all the “competent testimony being [was] to the effect that the whistle did blow.” The jury was therefore the judge of the evidence as to whether or not the statutory warning was previously given at a time when, if given, it would have warned the appellee of the impending danger. The excessive speed of the train in approaching the allegedly unusually dangerous crossing was also a jury issue in the instant case.
We have often pointed out that disputed questions of fact must be left to the determination of the jury, and where there is a conflict of evidence, a court will not disturb the judgment of a trial court based upon an issue of fact. Schumpert v. Watson, 241 Miss. 199, 129 So.2d 627 (1961).
In the instant case we are convinced that the motion of the appellee for a peremptory instruction was properly overruled by the *910 trial judge, and that the issue of liability on disputed facts was properly submitted to the jury.
The appellants next contend that their motion for a new trial based upon the alleged excessive verdict of the jury should have been sustained by the trial court, and that this Court should reverse the judgment and grant a new trial on the issue of damages alone.
The testimony shows that the appellee suffered a bruised knee in the accident. His knee was filled with fluid. He was not confined to the hospital. He was treated three times by a doctor, and his doctor bill was $60. He continued to have pain up to the time of the trial. His automobile was worth $600 less after the accident than before the accident, and he was required to pay $100 for the repair of his vehicle, because of the “deductible clause in his automobile collision insurance policy.”
The appellee testified that he went to see the doctor three times, and said:
“A. Well, he said about all I could do was to stay in bed for a couple of days and rest it, and put these ice presses on it.
“Q. Did you do that ?
“A. Yes, I did.
“Q. Did the swelling go down some after several days?
“A. Yes, it did.
“Q. State whether or not you have suffered pain in this knee since this collision and if so to what extent and how often, and whether or not it interferes with your ability to do anything, and if so, tell the jury in your own words?
“A. Yes, I have, approximately three or four times in the past year, more so, I guess, during the winter when we get cold snaps. I guess I am a little lucky.
“Q. Three or four times what, in the last year ?
“A. Three or four times my knee has caused me pain and hurt, and I would have to go home and stay and then the next morning I would get up and it would be all right. I tried to go hunting a couple of times, but I just couldn’t. I would get out there, and about noon, that was it. I had had it.
“Q. What do you mean, that was it?
“A. It would start hurting me.”
After a careful study of this entire record we are convinced that the motion for a new trial based upon the ground that the verdict was excessive should have been sustained. Appellee’s own testimony shows his actual monetary loss was less than $1,-000, and that his pain and suffering were slight.
We are of the opinion, and so hold, that this case must be reversed for a new trial on the issue of damages alone. We have concluded, however, that in order to prevent the expense of a new trial, we will affirm the judgment of the trial court, provided the appellee enters a remittitur of $2,000 within fifteen days of the date of the final judgment of this Court.
Reversed and remanded for a new trial on the issue of damages alone unless the appellee enters a remittitur as above set out within fifteen days of the date of the judgment of this court.
GILLESPIE, P. J., and BRADY, PATTERSON and SMITH, JJ., concur.