214 So.2d 815 (1968)
Alvin BRADLEY
v.
STATE of Mississippi.
No. 44949.
Supreme Court of Mississippi.
October 21, 1968.
Arrington & Arrington, Hazlehurst, for appellant.
Joe T. Patterson, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., and Laurence Y. Mellen, Sp. Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
On March 6, 1967 appellant, Alvin Bradley, having been convicted in the Circuit Court of Copiah County of the crime of burglary, was sentenced to serve a term of two years and six months in the penitentiary. On June 10, 1967, while serving his term, he filed in that Court a petition styled "Petition of Writ of Habeas Corpus and Leave to File Forma Pauperis," seeking to have his conviction and sentence vacated and to be discharged from custody. Attached to the petition was a letter written by one Sheffield, an alleged accomplice in the burglary and a fellow convict, upon whose testimony Bradley had been convicted, in which Sheffield sought to repudiate his testimony given at Bradley's trial.
The trial court, purposely overlooking all informalities in the petition as filed, and treating it as an application for the post conviction remedy in the nature of a petition for a writ of error coram nobis, set the matter for trial upon its merits. On the date set, the Court heard the matter at length.
Upon this hearing, Sheffield testified for the petitioner at considerable length, the substance of his testimony being that he had perjured himself at Bradley's trial and that actually Bradley had not participated *816 in the commission of the crime for which he had been convicted.
When the hearing was concluded, the Court delivered an opinion in which it reviewed the circumstances of the case in detail.
Among other things, the Court, in commenting upon Sheffield's effort to repudiate his former testimony, said:
(W)e have completely abandoned any idea of requiring petitioner Alvin Bradley to conform to any formal pleading, we are overlooking all formalities and have searched for the truth, * * * In one case he testified in November 1966 and then again he testified in February 1967. It is remarkable how nearly those two statements by that witness correspond. * * * Not only that but the testimony shows here this morning that James Sheffield made a statement to the same effect to the State Highway Patrol investigator at Pensacola; that he testified under oath to the same facts in a habeas corpus proceeding in Pensacola; that he made substantially the same statements to the sheriff of Copiah County in Pensacola; that he made the same statement to the sheriff of Copiah County and the district attorney in Copiah County; that he testified under oath against this same petitioner, Alvin Bradley, in Holmes County, Mississippi, and then he testified to the same thing in these two cases in Copiah County which I have just referred to. That is seven or eight times when he told the same story * * * He has today proven himself absolutely unworthy of belief, because he has abandoned the truth. The court is convinced that he told the truth on former trials. The jury found Mr. Bradley guilty. I see no error in the trial of that case, no error has been brought to the attention of the court, and after giving the matter careful consideration I don't think that there is anything that this court can do other than dismiss this proceeding which will be the order of the court. * * *
From the order denying the relief sought and dismissing the petition, Bradley has prosecuted this appeal.
Appellant contends that the recantation of testimony by Sheffield constitutes "newly discovered evidence" and entitles him to a new trial, citing Lang v. State, 230 Miss. 147, 92 So.2d 670 (1957).
However, the question now presented has been before the Court on several former occasions and has been dealt with in a number of reported cases.
In Gathings v. State, 46 So.2d 800 (Miss. 1950) a new trial was ordered following repudiation of their testimony by three of Gathings alleged accomplices upon whose testimony he had been convicted. However, in Gathings the Court was careful to point out:
At any rate, the question of whether a new trial should be granted must depend upon the facts and circumstances of the particular case and we have concluded that under all the facts and circumstances of this case, not necessary to be related in detail, the conviction should be reversed and the cause remanded for a new trial in order that another jury may make what it can out of the contradictory stories of these witnesses. (emphasis added).
And further in Gathings this Court said:

It is not intended, however, that our action in reversing and remanding this cause shall be considered as a precedent in all cases where a witness gives positive and unequivocal testimony on a trial and then decides to change his story. (emphasis added).
It is also perhaps significant that in Gathings the Court referred to Cummins v. State, 144 Miss. 634, 110 So. 206 (1926) and Dolan v. State, 195 Miss. 154, 13 So.2d 925 (1943), without overruling or modifying either. In each of those cases this Court affirmed denial of a new trial following recantation of testimony given by prosecution witnesses in the trial at which *817 the appellant had been convicted. The Court reached a similar conclusion in Carraway v. State, 167 Miss. 390, at 405, 148 So. 340 (1933).
We think this case is controlled by Cummins, Carraway and Dolan, supra.
In Dolan the Court said:
It is earnestly argued that the defendant ought to have the privilege of a new trial since the credibility of the witnesses has been undermined to an extent which a new trial would reveal. To entertain such argument, we would have to appraise it according to whether we felt that the true version was in the original testimony to which witnesses reverted or in their repudiation which they later withdrew. To be persuaded by such considerations would be to place the control of the courts in the hands of corrupt witnesses who could by successive repudiations of their testimony cause the issue to oscillate at will, and make of perjury a basis for relief at the hands of the law which they had defied. To argue that the defendant should be protected against a conviction upon perjured testimony is to assume, as we may not do, that the evidence adduced on the trial was perjured. To say that appellant is entitled to trial by due process of law finds echo in the right of the law itself to maintain a due and orderly process.
The conclusion reached by the Court in those cases accords with the general rule as stated in 24 C.J.S. Criminal Law § 1454 k (1961):
Recantation by a witness called on behalf of the prosecution does not necessarily entitle accused to a new trial. The question whether a new trial shall be granted on this ground depends on all the circumstances of the case, including the testimony of the witnesses submitted on the motion for the new trial, and its determination is left to the sound discretion of the trial court free from interference except for abuse of such discretion. Moreover, recanting testimony is exceedingly unreliable, and is regarded with suspicion; and it is the right and duty of the court to deny a new trial where it is not satisfied that such testimony is true.
Especially is this true where the recantation involves a confession of perjury.
Also, in 39 Am.Jur. New Trial § 169 (1942) it is stated:
However, as a general rule, a new trial will not be ordered on proof of a witness' statement tending to show that his testimony was perjured; and this is true regardless of the showing as to whether or not the witness swears to the statement.
There was no abuse of discretion on the part of the trial court in denying the relief sought in this case and his action in so doing is affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES and BRADY, JJ., concur.