215 So.2d 240 (1968)
Marcus M. JONES
v.
Patricia Eloise WELFORD, by her Father and Next Friend, Walter G. Welford.
No. 45032.
Supreme Court of Mississippi.
October 28, 1968.
*241 Richard B. Booth, Aberdeen, for appellant.
Jeremy J. Eskridge, Mitchell & Rogers, Tupelo, for appellee.
RODGERS, Justice:
This case is appealed from the Circuit Court of Monroe County, Mississippi, where the appellee, Patricia Eloise Welford, obtained a judgment for $15,000 as damages for personal injuries against the appellant, Marcus M. Jones. The appellee's injuries occurred as a result of a three vehicle collision.
On October 28, 1965, the appellee was riding in an automobile being driven by Clovis Wayne Sumner. These young people were courting, and were traveling south on U.S. Highway 45 near Wren, Mississippi, at a speed of forty to forty-five miles per hour. The weather was clear and the blacktop highway was dry. The accident happened about nine o'clock in the evening.
The appellant was traveling north at a moderate rate of speed when these two cars collided near the center line of the highway. The vehicle driven by the appellant pulled over to the left shoulder of the road. The appellant got out of his car and found that the front left fender was bent down upon the tire. He pulled the fender away from the tire, and being unable to see the other automobile because of a rise in the roadbed, he assumed the other vehicle had gone south. In the meantime, the automobile driven by Clovis *242 Wayne Sumner had traveled to the left side of the highway and into the path of another automobile driven by Tom Wood, Jr. This automobile had been following the appellant. Miss Welford sued the appellant and Clovis Wayne Sumner, but did not sue Tom Wood. The jury returned a verdict in favor of Miss Patricia Eloise Welford against Mr. Jones but not against Mr. Sumner. There is no appeal as to the judgment in favor of Mr. Sumner.
The appellant has assigned several errors, including the general complaint that the trial court should have granted the appellant a peremptory instruction. After a careful examination of the record and the authorities submitted for our consideration, we are of the opinion that the judgment of the trial court should be affirmed. We find that only three of the assignments of error require comment.
The appellant contends that the verdict of the jury was excessive and was the result of bias and prejudice on the part of the jury, and that this prejudice was caused by (1) the trial court's ruling in permitting a highway patrolman to give his opinion as to the "point of impact"; (2) the trial court's ruling in permitting another patrolman to contradict the testimony of the appellant with reference to a report on the accident; and (3) the attempt on the part of joint defendant Sumners to introduce a divorce bill showing that the appellant drank intoxicating liquors to an excess.
Considering these points chronologically, we discuss first the assignment with reference to the officer's testimony as to "point of impact." The investigating officer cannot, of course, assume the duty of the jury and decide the issue as to how an accident occurred; nor can he give his opinion as to where a collision took place, based upon his observation as to the accident, nor give his opinion from what others told him. Standard Oil Co. v. Crane, 199 Miss. 69, 23 So.2d 297 (1945); Schumpert v. Watson, 241 Miss. 199, 129 So.2d 627 (1961). We have held heretofore, however, that in order to take advantage of the court's error in permitting the introduction of inadmissible testimony as to "point of impact" it is necessary for the adverse litigant to bring this rule to the attention of the trial judge by promptly objecting to this evidence. Lum v. Jackson Industrial Uniform Service, Inc., 253 Miss. 342, 175 So.2d 501 (1965).
An objection to evidence comes too late when it comes after the evidence has been admitted without objection. Citizens Bank of Hattiesburg v. Miller, 194 Miss. 557, 11 So.2d 457 (1943); Ford v. City of Pascagoula, 228 Miss. 265, 87 So.2d 560 (1956); 88 C.J.S. Trial § 118a (1955).
In the instant case the officer had testified some time before the objection was finally interposed, and after the rule had been called to the court's attention, the trial judge sustained the objection and directed the jury to disregard the testimony of the officer as to the "point of collision." We find no reversible error in the ruling of the trial court.
It is next contended that another highway patrolman was permitted to contradict the appellant with reference to a conversation the officer had with the appellant. Without detailing this evidence, we are of the opinion that the court did not err in permitting the evidence to go to the jury.
We find no error in the ruling of the court in permitting the attorney for appellant's co-defendant to ask the appellant about the divorce bill, because the court sustained the appellant's objection to this evidence and this evidence was not permitted to go to the jury.
The appellant's complaint with reference to the amount of the verdict is not well taken because (1) the testimony is ample to sustain a substantial verdict, (2) the defendant did not cross-examine any of the witnesses on the issue of damages, and (3) the defendant offered no *243 evidence to contradict the testimony as to the damages sustained by the appellee.
The amount of damages to be awarded to an injured litigant in a personal injury case is primarily a question of fact for the jury, and unless the verdict is so excessive as to make it apparent to the Court that there will be a manifest miscarriage of justice, this Court will not reverse the judgment of the trial court. Chapman v. Powers, 150 Miss. 687, 116 So. 609 (1928); Burlingame v. Southwest Drug Stores of Miss., Inc., 203 So.2d 74 (Miss. 1967).
We cannot say from the record that the verdict in this case is excessive, and since we find no other reversible error, we must affirm the judgment of the trial court.
Affirmed.
GILLESPIE, P.J., and BRADY, PATTERSON and SMITH, JJ., concur.